**No. 24-1214**

---

**IN THE UNITED STATES COURT OF APPEALS
FOR THE SEVENTH CIRCUIT**

---

RICKEY C. MENEWEATHER,

Plaintiff–Appellant,

v.

STEPHEN RITZ and MARLENE HENZE,

Defendants–Appellees.

---

On Appeal from a Final Order of the
United States District Court for the
Northern District of Illinois, Eastern Division
Case No. 1:19-cv-6643, Hon. Matthew F. Kennelly

---

**VOL. II OF THE APPENDIX**

---

Jim Davy
ALL RISE TRIAL & APPELLATE
P.O. Box 15216
Philadelphia, PA 19125
(215) 792-3579
jimdavy@allriselaw.org

Counsel for Appellant

Date: June 14, 2024

## APPELLANT'S APPENDIX TABLE OF CONTENTS

**Attached Appendix**

    Opinion and Order:                            AR 1

**Separate Appendix Vol. I**

    Operative (Second Amended) Complaint:      AR 13

    Henze Answer:                         AR 22

    Ritz Answer:                          AR 36

    Defendants' Statement of Facts at Summary Judgment:   AR 50

    Notice of Appeal                     AR 71

    District Court Docket               AR 73

**Separate Appendix Vol. II (filed under seal)**

    Exs. 1-2, Combined Meneweather Deposition:   AR 94

    Ex. 3, Henze Deposition:             AR 158

    Ex. 4, Ritz Deposition with email exhibit:   AR 286

    Ex. 7, Tami Report:               AR 322

    Ex. 8, Tami Rebuttal:             AR 364

    Ex. 9, Pollak Deposition and Report    AR 386

    Ex. 10, selected Meneweather medical records  AR 469

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

RICKEY C. MENEWEATHER, JR.    )
           Plaintiff      )
                      )     Case No. 1: 19-cv-6643
v.                     )
                      )     Hon. Matthew F. Kennelly
WEXFORD HEALTH SERVICES, INC.,    )
DR. STEPHEN RITZ, and         )
DR. MARLENE HENZE        )
           Defendant(s)    )

**SECOND AMENDED COMPLAINT**

NOW COMES RICKEY C. MENEWEATHER, JR., ("Plaintiff"), and by his attorney Pericles Abbasi and complains of Defendants WEXFORD HEALTH SERVICES, INC, DR. STEPHEN RITZ, and DR. MARLENE HENZE, stating as follows:

1.     This Complaint is an action under 42 U.S.C. § 1983 seeking redress for cruel and unusual punishment that Plaintiff suffered, in violation of the Eighth Amendment of the United States Constitution, due to the actions and inactions of Defendants, acting under color of law, while Plaintiff was an inmate at Sheridan Correctional Center in Sheridan, La Salle County, Illinois.

2.     Plaintiff's claim is a prisoner medical claim concerning the actions and inactions of the Defendants with regards to their mistreatment, denial of treatment, and delay of treatment of a condition in his right ear that caused him pain, suffering, and permanent hearing loss in his right ear. "Deliberate indifference to serious medical needs of prisoners constitutes the unnecessary and wanton infliction of pain proscribed by the Eighth Amendment." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). Plaintiff's injury is a physical injury, concerning his right ear.

1

AR 013

## JURISDICTION AND VENUE

3.    Plaintiff brings this action under 42 U.S.C. §§ 1983 and 1988 to redress the deprivation under color of state law of rights secured by the Eighth Amendment to the United States Constitution.

4.    Jurisdiction over the Federal claims is conferred on this Court by 28 U.S.C. §1331 and §1343(a)(3) and (a)(4). Venue is proper under 28 U.S.C. § 1391 as the relevant actions took place at the Sheridan Correctional Center, a prison operated by the Illinois Department of Corrections, located in Sheridan, La Salle County, Illinois – within the Northern District of Illinois.

## PARTIES

5.    Plaintiff Rickey C. Meneweather, Jr., is a resident of Cook County, Illinois. At all relevant times he was an inmate at the Sheridan Correctional Center, a prison operated by the Illinois Department of Corrections, located in Sheridan, La Salle County, Illinois.

6.    Defendant Wexford Health Services, Inc., ("Wexford") is a Pittsburgh, Pennsylvania-headquartered corporation. The Illinois Department of Corrections has contracted with Wexford Health Services, Inc., to provide medical care to inmates at the Sheridan Correctional Center.

7.    Defendant Dr. Stephen Ritz was at all relevant times an employee of Wexford. At all relevant times, he served as the Corporate Utilization Management Director / Dedicated Utilization Management Physician for Wexford with regard to Wexford's medical services at Sheridan Correctional Center.

8.    Defendant Dr. Marlene Henze is an employee of Wexford, and in 2018 provided physician services to inmates at Sheridan Correctional Center.

AR 014

**FACTS**

9.       On August 20, 2018, while an inmate at the Sheridan Correctional Center,
Plaintiff felt pressure and pain in his right ear, had blood coming out of his right ear, and could
not hear from his right ear. Plaintiff initially saw a nurse who then referred him to Dr. Marlene
Henze, who prescribed him antibiotic ear drops and oral antibiotics.

10.       The antibiotics did not make any difference to Plaintiff's right ear condition. He
sought further care from the Sheridan Healthcare Unit to treat his continuing ear pain, bleeding,
and loss of hearing on September 7, 2018. He was rescheduled multiple times, to September 10th,
September 13th, September 17th, and September 19th until he finally was seen by Dr. Henze again
on September 27, 2018. During the repeated rescheduling, Plaintiff continued to suffer pain,
bleeding, and loss of hearing without adequate treatment.

11.       On September 27, 2018, Dr. Henze diagnosed Plaintiff with a severe ear infection
and prescribed more antibiotics, which did nothing to help Plaintiff's pain and hearing loss.

12.       On October 22, 2018, Plaintiff told a nurse and Physician's Assistant that he was
still feeling discomfort and a loud ringing noise in his right ear. The nurse flushed Plaintiff's ear
and he was scheduled for another doctor visit on November 9, 2018.

13.       On November 9, 2018, Plaintiff was seen by Dr. Christian Okezie. Plaintiff was
complaining of ongoing hearing loss and ringing noise in his right ear. Dr. Okezie diagnosed
Plaintiff with Chronic Otitis Media and determined plaintiff had a hole in his ear drum from an
infection and that no light was being reflected when shined into his ear.  Dr. Okezie determined
that the antibiotics previously prescribed did nothing to help the Plaintiff's condition and that he
should have been examined by a specialist. Dr. Okezie ordered Plaintiff referred to an Ear, Nose
& Throat (ENT) specialist at University of Illinois-Chicago (UIC) and to Ortiz Audiology.

3

**AR 015**

14.     On November 21, 2018, Dr. Stephen Ritz, acting on behalf of Wexford, denied Plaintiff's referrals to Ortiz Audiology and to the UIC ENT specialist. Instead, Dr. Ritz ordered that Plaintiff be treated on-site with a course of Medrol dosepak and Claritin for 8-12 weeks.

15.     Just like the previous medication, this round of medication did not work and after months of physical pain, suffering, and hearing loss in his right ear due to lack of proper treatment, Plaintiff was finally sent out to an audiology specialist on February 11, 2019, who recommended that Plaintiff be sent to an ENT specialist to determine if Plaintiff's right ear condition could be correctable. Dr. Okezie again referred Plaintiff to the UIC ENT specialist, which was this time approved by Dr. Ritz and Wexford on February 27, 2019. Plaintiff was seen by the ENT at UIC on April 18, 2019. The ENT ordered Plaintiff to have an MRI to clear Plaintiff to receive a hearing aid. Plaintiff had his MRI on June 7, 2019 and had molds made for a hearing aid on June 18, 2019. Plaintiff received his hearing aid for his right ear on July 9, 2019.

16.     Plaintiff suffered months of pain, suffering, and discomfort while waiting to be treated properly and has permanent deafness in his right ear. This constitutes a physical injury.

## COUNT I – DENAL OF EIGHTH AMENDMENT RIGHTS – DELIBERATE INDIFFERENCE TO THE SERIOUS MEDICAL NEEDS OF A PRISONER

17.     Plaintiff re-alleges and incorporates all prior allegations made in this Complaint into this Count as if fully restated herein.

18.     Plaintiff had a serious medical need in that he required treatment for his right ear condition. Dr. Henze should have referred Plaintiff to an ear specialist in August or September 2018. After Dr. Okezie referred Plaintiff to an audiologist and ENT specialist in November 2018, Dr. Ritz – acting on behalf of Wexford – denied the referral, further delaying proper treatment.

4

19.     Defendants were aware that Plaintiff had a serious medical need beginning in August and September 2018, and in fact Defendant Dr Ritz – acting on behalf of Defendant Wexford – denied Plaintiff's referral to an ear specialist in November 2018 by Dr. Okezie.

20.     Defendants, by mistreating and denying and delaying proper care for Plaintiff's right ear condition, consciously failed to take reasonable measures to provide for treatment of Plaintiff's serious physical medical need.

21.     As a direct result of Defendants' actions, Plaintiff suffered pain and suffering and permanent hearing loss in his right ear. Had he been sent to a specialist in August or September of 2018, or even when Dr. Okezie referred him to a specialist in November 2018 before being vetoed by Dr. Ritz, Plaintiff would have experienced substantially less pain and suffering and would not have suffered permanent hearing loss.

22.     As medical providers of Plaintiff while he was incarcerated at the Sheridan Correctional Center, Defendants acted under the color of law.

23.     "Prison officials violate the Eighth Amendment's proscription against cruel and unusual punishment when they display 'deliberate indifference to serious medical needs of prisoners.'" *Greeno v. Daley*, 414 F.3d 645, 652 (7th Cir. 2005) (quoting *Estelle*, 429 U.S. at 104). Prison officials may exhibit deliberate indifference to a serious medical condition through inaction, *Gayton v. McCoy*, 593 F.3d 610, 623-24 (7th Cir. 2010); *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 832 (7th Cir. 2009), or by persisting with inappropriate treatment, *Gonzalez v. Feinerman*, 663 F.3d 311, 314 (7th Cir. 2011). They also might show deliberate indifference by delaying necessary treatment and thus aggravating an injury or needlessly prolonging an inmate's pain. *Gomez v. Randle*, 680 F.3d 859, 865-66 (7th Cir. 2012).

AR 017

24.    By their mistreatment of Plaintiff's right ear condition and their denial and delay of proper treatment, causing Plaintiff's pain, discomfort, suffering, and permanent hearing loss, Defendants displayed deliberate indifference to the Plaintiff's serious medical needs. Therefore, Defendants violated the Plaintiff's Eighth Amendment right to not be subject to cruel and unusual punishment by showing deliberate indifference to Plaintiff's serious medical needs and such actions constitute "the unnecessary and wanton infliction of pain proscribed by the Eighth Amendment." *Estelle* 429 U.S. at 104.

25.    WHEREFORE, PLAINTIFF RICKEY C. MENEWEATHER, JR seeks recovery from Defendants to compensate him for his pain, discomfort, suffering, and permanent deafness and loss of hearing in his right ear due to Defendants' deprivation of his Eighth Amendment rights under color of law; a recovery of attorney fees under 42 U.S.C. § 1988; pre-judgment interest, expenses and costs; and such other and further relief as this Court may deem just and proper or to which he may be entitled as a matter of law.

## COUNT II – *MONELL* CLAIM AGAINST WEXFORD HEALTH SERVICES INC

26.    Plaintiff re-alleges and incorporates all prior allegations made in this Complaint into this Count as if fully restated herein.

27.    Wexford's decision to deny and delay the necessary treatment for Plaintiff was due to a custom or practice of deliberate indifference to the medical needs of inmates at Sheridan Correctional Center in order to save Wexford from spending money on medical treatment.

28.    Plaintiff's "injury was caused by a Wexford policy, custom, or practice of deliberate indifference to medical needs, or a series of bad acts that together raise the inference of such a policy." *Shields v. Ill. Dep't of Corr.,* 746 F.3d 782, 796 (7th Cir. 2014).

AR 018

29.     As medical providers of Plaintiff while he was incarcerated at the Sheridan

Correctional Center, Wexford acted under the color of law.

30.     Wexford is therefore liable for Plaintiff's injuries, pain, suffering, and permanent

physical damage per the Supreme Court decision in *Monell v. Department of Social Services of

City of New York*. 436 U.S. 658 (1978).

31.     WHEREFORE, PLAINTIFF RICKEY C. MENEWEATHER, JR seeks recovery

from Wexford to compensate him for his pain, discomfort, suffering, and permanent deafness

and loss of hearing in his right ear due to Wexford's deprivation of his Eighth Amendment rights

under color of law; a recovery of attorney fees under 42 U.S.C. § 1988; pre-judgment interest,

expenses and costs; and such other and further relief as this Court may deem just and proper or to

which he may be entitled as a matter of law.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully requests this Honorable Court enter judgment

against Defendants:

A.     Finding that the Defendants violated Plaintiff's rights under the Eighth

Amendment to the United States Constitution under color of law while he was an inmate at the

Sheridan Correctional Center;

B.     Awarding Plaintiff a judgment of damages to compensate him for his pain,

discomfort, suffering, and permanent deafness and loss of hearing in his right ear;

C.     Awarding Plaintiff attorney fees under 42 U.S.C. § 1988; pre-judgment interest,

expenses, and costs;

D.     Awarding any and all such other and further relief as this Court shall deem just

and reasonable.

AR 019

Dated: AUGUST 5, 2020                          Respectfully Submitted,

                                               RICKEY MENEWEATHER

                                               By: /s/ *Pericles Abbasi*      _
                                               Assigned Attorney for Plaintiff


Pericles C. Abbasi, Esq.
Assigned Attorney for Plaintiff
Illinois ARDC No. 6312209
6969 W. Wabansia Ave.
Chicago, IL 60707
Tel: (773) 368-5423
Fax: (773) 309-8884
Pericles@UChicago.edu

AR 020

**CERTIFICATE OF ATTORNEY AND NOTICE OF ELECTRONIC FILING**

The undersigned certifies that on August 5, 2020, the foregoing document was

electronically filed with the District Court Clerk via CM/ECF filing system (no defendant parties

have yet been served)


/s/ *Pericles Abbasi*
Assigned Attorney for Plaintiff


Pericles C. Abbasi, Esq.
Assigned Attorney for Plaintiff
Illinois ARDC No. 6312209
6969 W. Wabansia Ave.
Chicago, IL 60707
Tel: (773) 368-5423
Fax: (773) 309-8884
Pericles@UChicago.edu

**AR 021**

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

RICKEY C. MENEWEATHER, JR.                    )
                         Plaintiff        )
                                      )        Case No**. 1: 19-cv-6643**
v.                                             )
                                      )        Hon. Matthew F. Kennelly
WEXFORD HEALTH SERVICES, INC.,                 )
DR. STEPHEN RITZ, and                          )        **JURY DEMAND**
DR. MARLENE HENZE                              )
                    Defendant(s)        )

## <u>DEFENDANT DR. MARLENE HENZE ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S SECOND AMENDED COMPLAINT</u>

NOW COMES Defendant, DR. MARLENE HENZE, by and through her attorneys CONNOLLY

KRAUSE LLC, and for her Answer and Affirmative Defenses to Plaintiff's Second Amended Complaint

(Dkt. #25), states as follows:

1.      This Complaint is an action under 42 U.S.C. § 1983 seeking redress for cruel and

unusual punishment that Plaintiff suffered, in violation of the Eighth Amendment of the United

States Constitution, due to the actions and inactions of Defendants, acting under color of law, while

Plaintiff was an inmate at Sheridan Correctional Center in Sheridan, La Salle County, Illinois.

**<u>ANSWER</u>:**   **Defendant denies that Plaintiff suffered cruel and unusual punishment.**

**Defendant denies violating Plaintiff's Eighth Amendment rights.  Defendant lacks**

**knowledge or information sufficient to form a belief about the truth of the remaining**

**allegations of this paragraph.**

2.      Plaintiff's claim is a prisoner medical claim concerning the actions and inactions of

the Defendants with regards to their mistreatment, denial of treatment, and delay of treatment of a

condition in his right ear that caused him pain, suffering, and permanent hearing loss in his right

AR 022

ear. "Deliberate indifference to serious medical needs of prisoners constitutes the unnecessary and wanton infliction of pain proscribed by the Eighth Amendment." Estelle v. Gamble, 429 U.S. 97, 104 (1976). Plaintiff's injury is a physical injury, concerning his right ear.

**ANSWER:**     **Defendant denies the allegations of this paragraph.**

## JURISDICTION AND VENUE

3.     Plaintiff brings this action under 42 U.S.C. §§ 1983 and 1988 to redress the deprivation under color of state law of rights secured by the Eighth Amendment to the United States Constitution.

**ANSWER:**     **Defendant admits the Court has jurisdiction under 42 U.S.C. § 1983. Defendant denies jurisdiction under §1988. Defendant denies that Plaintiff's rights under 42 U.S.C. §§ 1983 and 1988 were deprived by any action or inaction on her part. Defendant denies liability.  Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations of this paragraph.**

4.     Jurisdiction over the Federal claims is conferred on this Court by 28 U.S.C. §1331 and §1343(a)(3) and (a)(4). Venue is proper under 28 U.S.C. § 1391 as the relevant actions took place at the Sheridan Correctional Center, a prison operated by the Illinois Department of Corrections, located in Sheridan, La Salle County, Illinois – within the Northern District of Illinois.

**ANSWER:**     **Defendant admits jurisdiction and venue. Defendant denies liability. Defendant denies that any events alleged give rise to claims. Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations of this paragraph.**

## PARTIES

5.     Plaintiff Rickey C. Meneweather, Jr., is a resident of Cook County, Illinois. At all relevant times he was an inmate at the Sheridan Correctional Center, a prison operated by the Illinois Department of Corrections, located in Sheridan, La Salle County, Illinois.

AR 023

**ANSWER:** **Defendant admits at times Meneweather was an inmate at Sheridan Correctional Center. Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations of this paragraph.**

6.    Defendant Wexford Health Services, Inc., ("Wexford") is a Pittsburgh, Pennsylvania-headquartered corporation. The Illinois Department of Corrections has contracted with Wexford Health Services, Inc., to provide medical care to inmates at the Sheridan Correctional Center.

**ANSWER:** **Defendant admits that Wexford is a Pittsburgh, Pennsylvania-headquartered corporation. Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations of this paragraph.**

7.    Defendant Dr. Stephen Ritz was at all relevant times an employee of Wexford. At all relevant times, he served as the Corporate Utilization Management Director / Dedicated Utilization Management Physician for Wexford with regard to Wexford's medical services at Sheridan Correctional Center.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph.**

8.    Defendant Dr. Marlene Henze is an employee of Wexford, and in 2018 provided physician services to inmates at Sheridan Correctional Center.

**ANSWER:** **Defendant admits that she is an employee of Wexford. Defendant admits that at certain times in 2018 she provided physician services to some inmates at Sheridan Correction Center.**

## FACTS

9.    On August 20, 2018, while an inmate at the Sheridan Correctional Center, Plaintiff felt pressure and pain in his right ear, had blood coming out of his right ear, and could not hear

AR 024

from his right ear. Plaintiff initially saw a nurse who then referred him to Dr. Marlene Henze, who prescribed him antibiotic ear drops and oral antibiotics.

**ANSWER:    Defendant admits at times Meneweather was an inmate at Sheridan Correctional Center. Defendant denies Plaintiff had pain on August 20, 2018.  Defendant admits that she prescribed medications on August 20, 2018.  ``Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations of this paragraph.**

10.     The antibiotics did not make any difference to Plaintiff's right ear condition. He sought further care from the Sheridan Healthcare Unit to treat his continuing ear pain, bleeding, and loss of hearing on September 7, 2018. He was rescheduled multiple times, to September 10th, September 13th, September 17th, and September 19th until he finally was seen by Dr. Henze again on September 27, 2018. During the repeated rescheduling, Plaintiff continued to suffer pain, bleeding, and loss of hearing without adequate treatment.

**ANSWER:    Defendant admits that she saw Plaintiff as a patient on September 27, 2018 at Sheridan Correctional Center.  Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations of this paragraph.**

11.     On September 27, 2018, Dr. Henze diagnosed Plaintiff with a severe ear infection and prescribed more antibiotics, which did nothing to help Plaintiff's pain and hearing loss.

**ANSWER:    Defendant denies that on September 27, 2018, she diagnosed Plaintiff with a severe ear infection. Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations of this paragraph.**

12.     On October 22, 2018, Plaintiff told a nurse and Physician's Assistant that he was still feeling discomfort and a loud ringing noise in his right ear. The nurse flushed Plaintiff's ear and he was scheduled for another doctor visit on November 9, 2018.

**AR 025**

**ANSWER:**    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph.

13.    On November 9, 2018, Plaintiff was seen by Dr. Christian Okezie. Plaintiff was complaining of ongoing hearing loss and ringing noise in his right ear. Dr. Okezie diagnosed Plaintiff with Chronic Otitis Media and determined plaintiff had a hole in his ear drum from an infection and that no light was being reflected when shined into his ear. Dr. Okezie determined that the antibiotics previously prescribed did nothing to help the Plaintiff's condition and that he should have been examined by a specialist. Dr. Okezie ordered Plaintiff referred to an Ear, Nose & Throat (ENT) specialist at University of Illinois-Chicago (UIC) and to Ortiz Audiology.

**ANSWER:**    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph.

14.    On November 21, 2018, Dr. Stephen Ritz, acting on behalf of Wexford, denied Plaintiff's referrals to Ortiz Audiology and to the UIC ENT specialist. Instead, Dr. Ritz ordered that Plaintiff be treated on-site with a course of Medrol dosepak and Claritin for 8-12 weeks.

**ANSWER:**    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph.

15.    Just like the previous medication, this round of medication did not work and after months of physical pain, suffering, and hearing loss in his right ear due to lack of proper treatment, Plaintiff was finally sent out to an audiology specialist on February 11, 2019, who recommended that Plaintiff be sent to an ENT specialist to determine if Plaintiff's right ear condition could be correctable. Dr. Okezie again referred Plaintiff to the UIC ENT specialist, which was this time approved by Dr. Ritz and Wexford on February 27, 2019. Plaintiff was seen by the ENT at UIC on April 18, 2019. The ENT ordered Plaintiff to have an MRI to clear Plaintiff to receive a hearing aid. Plaintiff had his MRI on June 7, 2019 and had molds made for a hearing aid on June 18, 2019. Plaintiff received his hearing aid for his right ear on July 9, 2019.

**ANSWER:    Defendant denies lack of proper treatment. Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations of this paragraph.**

16.    Plaintiff suffered months of pain, suffering, and discomfort while waiting to be treated properly and has permanent deafness in his right ear. This constitutes a physical injury.

**ANSWER:    Defendant denies that Plaintiff was not properly treated. Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations of this paragraph.**

## COUNT I – DENIAL OF EIGHTH AMENDMENT RIGHTS – DELIBERATE INDIFFERENCE TO THE SERIOUS MEDICAL NEEDS OF A PRISONER

17.    Plaintiff re-alleges and incorporates all prior allegations made in this Complaint into this Count as if fully restated herein.

**ANSWER:    Defendant incorporates her answers to paragraphs 1-16 as and for her answer to this paragraph number 17.**

18.    Plaintiff had a serious medical need in that he required treatment for his right ear condition. Dr. Henze should have referred Plaintiff to an ear specialist in August or September 2018. After Dr. Okezie referred Plaintiff to an audiologist and ENT specialist in November 2018, Dr. Ritz – acting on behalf of Wexford – denied the referral, further delaying proper treatment.

**ANSWER:    Defendant denies that Plaintiff had a serious medical need. Defendant denies that she should have referred Plaintiff to an ear specialist in August or September 2018. Defendant denies any delay in proper treatment.  Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations of this paragraph.**

19.    Defendants were aware that Plaintiff had a serious medical need beginning in August and September 2018, and in fact Defendant Dr Ritz – acting on behalf of Defendant Wexford – denied Plaintiff's referral to an ear specialist in November 2018 by Dr. Okezie.

AR 027

**ANSWER:** **Defendant denies that Plaintiff had a serious medical need in August or September. Defendant denies the remaining allegations of this paragraph.**

20.     Defendants, by mistreating and denying and delaying proper care for Plaintiff's right ear condition, consciously failed to take reasonable measures to provide for treatment of Plaintiff's serious physical medical need.

**ANSWER:** **Defendant denies mistreating Plaintiff. Defendant denies that she denied or delayed proper care for Plaintiff's right ear condition. Defendant denies that Plaintiff had a serious physical medical need. Defendant denies the remaining allegations of this paragraph.**

21.     As a direct result of Defendants' actions, Plaintiff suffered pain and suffering and permanent hearing loss in his right ear. Had he been sent to a specialist in August or September of 2018, or even when Dr. Okezie referred him to a specialist in November 2018 before being vetoed by Dr. Ritz, Plaintiff would have experienced substantially less pain and suffering and would not have suffered permanent hearing loss.

**ANSWER:** **Defendant denies the allegations of this paragraph.**

22.     As medical providers of Plaintiff while he was incarcerated at the Sheridan Correctional Center, Defendants acted under the color of law.

**ANSWER:** **Defendant admits at times that she was a medical provider to Plaintiff at Sheridan Correctional Center. Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations of this paragraph.**

23.     "Prison officials violate the Eighth Amendment's proscription against cruel and unusual punishment when they display 'deliberate indifference to serious medical needs of prisoners.'" Greeno v. Daley, 414 F.3d 645, 652 (7th Cir. 2005) (quoting Estelle, 429 U.S. at 104). Prison officials may exhibit deliberate indifference to a serious medical condition through inaction, Gayton v. McCoy, 593 F.3d 610, 623-24 (7th Cir. 2010); Rodriguez v. Plymouth Ambulance Serv., 577 F.3d 816, 832 (7th Cir. 2009), or by persisting with inappropriate treatment, Gonzalez v.

**AR 028**

Feinerman, 663 F.3d 311, 314 (7th Cir. 2011). They also might show deliberate indifference by delaying necessary treatment and thus aggravating an injury or needlessly prolonging an inmate's pain. Gomez v. Randle, 680 F.3d 859, 865-66 (7th Cir. 2012).

**ANSWER:    Defendant denies deliberate indifference.  Defendant denies Plaintiff had a serious medical need.  Defendant denies that she provided inappropriate medical treatment. Defendant denies cruel and unusual punishment.  Defendant lacks knowledge or information sufficient to form a belief about the truth of the case law outlined in this paragraph. Defendant denies the remaining allegations of this paragraph.**

24.    By their mistreatment of Plaintiff's right ear condition and their denial and delay of proper treatment, causing Plaintiff's pain, discomfort, suffering, and permanent hearing loss, Defendants displayed deliberate indifference to the Plaintiff's serious medical needs. Therefore, Defendants violated the Plaintiff's Eighth Amendment right to not be subject to cruel and unusual punishment by showing deliberate indifference to Plaintiff's serious medical needs and such actions constitute "the unnecessary and wanton infliction of pain proscribed by the Eighth Amendment." Estelle 429 U.S. at 104.

**ANSWER:    Defendant denies the allegations of this paragraph.**

25.    WHEREFORE, PLAINTIFF RICKEY C. MENEWEATHER, JR seeks recovery from Defendants to compensate him for his pain, discomfort, suffering, and permanent deafness and loss of hearing in his right ear due to Defendants' deprivation of his Eighth Amendment rights under color of law; a recovery of attorney fees under 42 U.S.C. § 1988; pre-judgment interest, expenses and costs; and such other and further relief as this Court may deem just and proper or to which he may be entitled as a matter of law.

**ANSWER:    Defendant denies that Plaintiff is entitled to judgment. Defendant denies that Plaintiff is entitled to recovery from Defendants. Defendant denies that Plaintiff is entitled to recovery of attorney fees under 42 U.S.C. § 1988, pre-judgment interest, expenses and**

**AR 029**

costs, and such other and further relief. **Defendant denies the remaining allegations of this paragraph.**

## COUNT II – MONELL CLAIM AGAINST WEXFORD HEALTH SERVICES, INC.

26.     Plaintiff re-alleges and incorporates all prior allegations made in this Complaint into this Count as if fully restated herein.

**ANSWER:     Defendant incorporates her answers to paragraphs 1-25 as and for her answer to this paragraph number 26.**

27.     Wexford's decision to deny and delay the necessary treatment for Plaintiff was due to a custom or practice of deliberate indifference to the medical needs of inmates at Sheridan Correctional Center in order to save Wexford from spending money on medical treatment.

**ANSWER:     The allegations of this Count II, paragraph 27, are not directed against this Defendant. If the allegations of this Count II, paragraph 27, are directed against this Defendant, Defendant denies the allegations of this paragraph.**

28.     Plaintiff's "injury was caused by a Wexford policy, custom, or practice of deliberate indifference to medical needs, or a series of bad acts that together raise the inference of such a policy." Shields v. Ill. Dep't of Corr., 746 F.3d 782, 796 (7th Cir. 2014).

**ANSWER:     The allegations of this Count II, paragraph 28, are not directed against this Defendant. If the allegations of this Count II, paragraph 28, are directed against this Defendant, Defendant denies the allegations of this paragraph.**

29.     As medical providers of Plaintiff while he was incarcerated at the Sheridan Correctional Center, Wexford acted under the color of law.

**ANSWER:     The allegations of this Count II, paragraph 29, are not directed against this Defendant. If the allegations of this Count II, paragraph 29, are directed against this Defendant, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph.**

AR 030

30.     Wexford is therefore liable for Plaintiff's injuries, pain, suffering, and permanent physical damage per the Supreme Court decision in Monell v. Department of Social Services of City of New York. 436 U.S. 658 (1978).

**ANSWER:     The allegations of this Count II, paragraph 30, are not directed against this Defendant. If the allegations of this Count II, paragraph 30, are directed against this Defendant, Defendant denies the allegations of this paragraph.**

31.     WHEREFORE, PLAINTIFF RICKEY C. MENEWEATHER, JR seeks recovery from Wexford to compensate him for his pain, discomfort, suffering, and permanent deafness and loss of hearing in his right ear due to Wexford's deprivation of his Eighth Amendment rights under color of law; a recovery of attorney fees under 42 U.S.C. § 1988; pre-judgment interest, expenses and costs; and such other and further relief as this Court may deem just and proper or to which he may be entitled as a matter of law.

**ANSWER:     Defendant denies that Plaintiff is entitled to judgment. Defendant denies that Plaintiff is entitled to recovery from Defendants. Defendant denies that Plaintiff is entitled to recovery of attorney fees under 42 U.S.C. § 1988, denies Plaintiff is entitled to pre-judgment interest, denies entitled to expenses and costs, and denies Plaintiff is entitled to any such other and further relief. Defendant denies the remaining allegations of this paragraph.**

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully requests this Honorable Court enter judgment against Defendants:

A.     Finding that the Defendants violated Plaintiff's rights under the Eighth Amendment to the United States Constitution under color of law while he was an inmate at the Sheridan Correctional Center;

B.     Awarding Plaintiff a judgment of damages to compensate him for his pain, discomfort, suffering, and permanent deafness and loss of hearing in his right ear;

C.    Awarding Plaintiff attorney fees under 42 U.S.C. § 1988; pre-judgment interest, expenses, and costs; and

D.    Awarding any and all such other and further relief as this Court shall deem just and reasonable.

**ANSWER:**    **Defendant denies that Plaintiff is entitled to any relief in his Prayer for Relief and Denies Plaintiff is entitled to Prayer for Relief subsections A-D. Defendant denies that Plaintiff's rights were violated under the Eighth Amendment to the United States Constitution under color of law. Defendant denies that Plaintiff is entitled to judgment of damages. Defendant denies that Plaintiff is entitled to attorney fees under 42 U.S.C. § 1988, pre-judgment interest, expenses, and costs. Defendant denies Plaintiff is entitled to any relief whatsoever, including the requests in this paragraph. Defendant denies violating Plaintiff's rights whatsoever. Defendants denies the remaining allegations of this paragraph.**

WHEREFORE, Defendant, DR. MARLENE HENZE, respectfully requests this Honorable Court to enter an Order granting judgment in favor of Defendant and against Plaintiff, dismissing his Second Amended Complaint with prejudice, and award costs for Defendants pursuant to 28 U.S.C. §1988, and for such other relief as this Court deems appropriate and just.

## **DEFENDANT DR. MARLENE HENZE – JURY DEMAND**

Defendant Dr. MARLENE HENZE hereby demand a trial by Jury under Rule 38 for all issues triable by jury.

## **AFFIRMATIVE DEFENSES**

Without prejudice to the denials of the allegations contained in Plaintiff's Second Amended Complaint, Defendant, DR. MARLENE HENZE, without waiving the obligations of Plaintiff to prove every factual element of his claims, states as and for his Affirmative Defenses as follows:

1.    **Qualified Immunity**

**AR 032**

At all times relevant to Plaintiff's claims, the Defendant charged herein, Dr. Marlene Henze, acted in the good faith performance of her official duties without violating Plaintiff's clearly established constitutional rights. Defendant is protected from liability by the doctrine of qualified immunity.

**2.    Official Capacity Claim Barred**

To the extent that Plaintiff's claims are against Defendant in her official capacity the claims are barred by the Eleventh Amendment.

**3.    Failure to Exhaust Administrative Remedies**

Plaintiff has failed to exhaust his administrative remedies prior to the initiation of this cause of action and as a result Plaintiff's claims are barred by the Prison Litigation Reform Act.

Plaintiff failed to contact his counselor prior to filing his grievance.

Plaintiff failed to timely submit his grievance to a grievance officer after he knew or should have known of a medical grievance regarding treatment of his right ear.

Plaintiff failed to timely and properly appeal any alleged grievance to the Administrative Review Board.

Plaintiff has failed to properly exhaust his administrative remedies under the Prison Litigation Reform Act and Illinois Statutes and Codes.

Plaintiff's Second Amended Complaint must be dismissed for failure to properly exhaust his administrative remedies.

**4.    Statute of Limitations**

To the extent that Plaintiff's claims are barred by the statute of limitations, they should be dismissed. Plaintiff's claims are not a continuous course of treatment and have accrued in excess of two years of Plaintiff filing his original complaint.

**5.    *Heck v. Humphrey***

AR 033

To the extent Plaintiff's allegations require the invalidation of any discipline that resulted in the loss of good time credit, these allegations are barred by *Heck v. Humphrey*, 512 U.S. 477 (1994).

**6.      Mootness**

To the extent that Plaintiff is suing the Defendant for declaratory relief or injunctive relief not intended to address ongoing violations, his claim is moot.

**7.      Compensatory Damages Barred**

To the extent that Plaintiff is suing the Defendant for compensatory damages for mental or emotional injury suffered without a prior showing of physical injury, his claim is barred by the Prison Litigation Reform Act.

**8.      Failure to State Claim with Specificity**

Defendant's personal involvement has not been established with sufficient specificity to state a claim upon which relief may be granted.

**9.      Res Judicata**

To the extent Plaintiff has previously litigated the same issues in a prior action that are now involved in this lawsuit, Plaintiff's suit is barred by the doctrine of res judicata.

WHEREFORE, Defendant, DR. MARLENE HENZE, respectfully requests this Honorable Court to enter an Order granting judgment in favor of Defendant and against Plaintiff, dismissing his Second Amended Complaint with prejudice, and award costs for Defendants pursuant to 28 U.S.C. §1988, and for such other relief as this Court deems appropriate and just.

Respectfully Submitted,

By: /s/ Robert S. Tengesdal
*One of the Attorneys for Defendant*

**AR 034**

Robert Tengesdal #6288650
Katelyn Somin Jun #6329889
CONNOLLY KRAUSE LLC
500 West Madison Street – Suite 2430
Chicago, Illinois 60661
Phone: (312) 253-6200
Email(s):  rtengesdal@cktrials.com
           kjun@cktrials.com

### CERTIFICATE OF SERVICE

I hereby certify that on the date set forth below, I caused the foregoing document to be filed electronically with the Clerk of the Court through ECF and served on all counsel of record.

Dated:  January 18, 2021

By:  ____/s/ Katelyn Somin Jun_____

AR 035

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

RICKEY C. MENEWEATHER, JR.        )
              Plaintiff      )
                            )     Case No**. 1: 19-cv-6643**
v.                          )
                            )     Hon. Matthew F. Kennelly
WEXFORD HEALTH SERVICES, INC.,   )
DR. STEPHEN RITZ, and           )     **JURY DEMAND**
DR. MARLENE HENZE           )
            Defendant(s)    )

## DEFENDANT DR. STEPHEN RITZ ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S SECOND AMENDED COMPLAINT

NOW COMES Defendant, DR. STEPHEN RITZ, by and through his attorneys CONNOLLY KRAUSE LLC, and for his Answer and Affirmative Defenses to Plaintiff's Second Amended Complaint (Dkt. #25), states as follows:

1.     This Complaint is an action under 42 U.S.C. § 1983 seeking redress for cruel and unusual punishment that Plaintiff suffered, in violation of the Eighth Amendment of the United States Constitution, due to the actions and inactions of Defendants, acting under color of law, while Plaintiff was an inmate at Sheridan Correctional Center in Sheridan, La Salle County, Illinois.

**ANSWER:**  **Defendant admits at times Meneweather was an inmate at Sheridan Correctional Center. Defendant denies that Plaintiff suffered cruel and unusual punishment. Defendant denies violating Plaintiff's Eighth Amendment rights.  Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations of this paragraph.**

2.     Plaintiff's claim is a prisoner medical claim concerning the actions and inactions of the Defendants with regards to their mistreatment, denial of treatment, and delay of treatment of a

**AR 036**

condition in his right ear that caused him pain, suffering, and permanent hearing loss in his right ear. "Deliberate indifference to serious medical needs of prisoners constitutes the unnecessary and wanton infliction of pain proscribed by the Eighth Amendment." Estelle v. Gamble, 429 U.S. 97, 104 (1976). Plaintiff's injury is a physical injury, concerning his right ear.

**ANSWER:**    **Defendant denies the allegations of this paragraph.**

## JURISDICTION AND VENUE

3.    Plaintiff brings this action under 42 U.S.C. §§ 1983 and 1988 to redress the deprivation under color of state law of rights secured by the Eighth Amendment to the United States Constitution.

**ANSWER:**    **Defendant admits the Court has jurisdiction under 42 U.S.C. § 1983. Defendant denies jurisdiction under §1988. Defendant denies that Plaintiff's rights under 42 U.S.C. §§ 1983 and 1988 were deprived by any action or inaction on his part. Defendant denies liability.  Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations of this paragraph.**

4.    Jurisdiction over the Federal claims is conferred on this Court by 28 U.S.C. §1331 and §1343(a)(3) and (a)(4). Venue is proper under 28 U.S.C. § 1391 as the relevant actions took place at the Sheridan Correctional Center, a prison operated by the Illinois Department of Corrections, located in Sheridan, La Salle County, Illinois – within the Northern District of Illinois.

**ANSWER:**    **Defendant admits jurisdiction and venue. Defendant denies liability. Defendant denies that any events alleged give rise to claims. Defendant lacks knowledge or information sufficient to form a belief about the truth of the remainder of this paragraph.**

## PARTIES

5.    Plaintiff Rickey C. Meneweather, Jr., is a resident of Cook County, Illinois. At all relevant times he was an inmate at the Sheridan Correctional Center, a prison operated by the Illinois Department of Corrections, located in Sheridan, La Salle County, Illinois.

AR 037

**ANSWER:** **Defendant admits at times Meneweather was an inmate at Sheridan Correctional Center. Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations of this paragraph.**

6.     Defendant Wexford Health Services, Inc., ("Wexford") is a Pittsburgh, Pennsylvania-headquartered corporation. The Illinois Department of Corrections has contracted with Wexford Health Services, Inc., to provide medical care to inmates at the Sheridan Correctional Center.

**ANSWER:** **Defendant admits that Wexford is a Pittsburgh, Pennsylvania-headquartered corporation. Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations of this paragraph.**

7.     Defendant Dr. Stephen Ritz was at all relevant times an employee of Wexford. At all relevant times, he served as the Corporate Utilization Management Director / Dedicated Utilization Management Physician for Wexford with regard to Wexford's medical services at Sheridan Correctional Center.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations "at all relevant times" of this paragraph. Defendant admits that at times he worked at Wexford as Corporate Utilization Management Director as an employee. Defendant denies the remaining allegations of this paragraph.**

8.     Defendant Dr. Marlene Henze is an employee of Wexford, and in 2018 provided physician services to inmates at Sheridan Correctional Center.

**ANSWER:** **Defendant admits that Dr. Marlene Henze is an employee of Wexford. Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations of this paragraph.**

**FACTS**

3

9.       On August 20, 2018, while an inmate at the Sheridan Correctional Center, Plaintiff felt pressure and pain in his right ear, had blood coming out of his right ear, and could not hear from his right ear. Plaintiff initially saw a nurse who then referred him to Dr. Marlene Henze, who prescribed him antibiotic ear drops and oral antibiotics.

**ANSWER:     Defendant admits at times Meneweather was an inmate at Sheridan Correctional Center. Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations of this paragraph.**

10.       The antibiotics did not make any difference to Plaintiff's right ear condition. He sought further care from the Sheridan Healthcare Unit to treat his continuing ear pain, bleeding, and loss of hearing on September 7, 2018. He was rescheduled multiple times, to September 10th, September 13th, September 17th, and September 19th until he finally was seen by Dr. Henze again on September 27, 2018. During the repeated rescheduling, Plaintiff continued to suffer pain, bleeding, and loss of hearing without adequate treatment.

**ANSWER:     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph.**

11.       On September 27, 2018, Dr. Henze diagnosed Plaintiff with a severe ear infection and prescribed more antibiotics, which did nothing to help Plaintiff's pain and hearing loss.

**ANSWER:     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph.**

12.       On October 22, 2018, Plaintiff told a nurse and Physician's Assistant that he was still feeling discomfort and a loud ringing noise in his right ear. The nurse flushed Plaintiff's ear and he was scheduled for another doctor visit on November 9, 2018.

**ANSWER:     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph.**

13.    On November 9, 2018, Plaintiff was seen by Dr. Christian Okezie. Plaintiff was complaining of ongoing hearing loss and ringing noise in his right ear. Dr. Okezie diagnosed Plaintiff with Chronic Otitis Media and determined plaintiff had a hole in his ear drum from an infection and that no light was being reflected when shined into his ear. Dr. Okezie determined that the antibiotics previously prescribed did nothing to help the Plaintiff's condition and that he should have been examined by a specialist. Dr. Okezie ordered Plaintiff referred to an Ear, Nose & Throat (ENT) specialist at University of Illinois-Chicago (UIC) and to Ortiz Audiology.

**ANSWER:    Defendant admits that Dr. Okezie requested a referral to an ENT specialist at UIC on November 9, 2018. Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations of this paragraph.**

14.    On November 21, 2018, Dr. Stephen Ritz, acting on behalf of Wexford, denied Plaintiff's referrals to Ortiz Audiology and to the UIC ENT specialist. Instead, Dr. Ritz ordered that Plaintiff be treated on-site with a course of Medrol dosepak and Claritin for 8-12 weeks.

**ANSWER:    Defendant denies that he denied Plaintiff's referrals to Ortiz Audiology on November 21, 2018 and denies that he denied referral to UIC ENT specialist on November 21, 2018. Defendant denies that he ordered any medical treatment.  Defendant denies that he ordered the denial of any medical treatment to Plaintiff. Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations of this paragraph.**

15.    Just like the previous medication, this round of medication did not work and after months of physical pain, suffering, and hearing loss in his right ear due to lack of proper treatment, Plaintiff was finally sent out to an audiology specialist on February 11, 2019, who recommended that Plaintiff be sent to an ENT specialist to determine if Plaintiff's right ear condition could be correctable. Dr. Okezie again referred Plaintiff to the UIC ENT specialist, which was this time approved by Dr. Ritz and Wexford on February 27, 2019. Plaintiff was seen by the ENT at UIC

AR 040

on April 18, 2019. The ENT ordered Plaintiff to have an MRI to clear Plaintiff to receive a hearing aid. Plaintiff had his MRI on June 7, 2019 and had molds made for a hearing aid on June 18, 2019. Plaintiff received his hearing aid for his right ear on July 9, 2019.

**ANSWER:**    **Defendant admits that Plaintiff was sent out to an audiology specialist on February 11, 2019. Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations of this paragraph.**

16.    Plaintiff suffered months of pain, suffering, and discomfort while waiting to be treated properly and has permanent deafness in his right ear. This constitutes a physical injury.

**ANSWER:**    **Defendant denies that Plaintiff was not properly treated. Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations of this paragraph.**

## COUNT I – DENIAL OF EIGHTH AMENDMENT RIGHTS – DELIBERATE INDIFFERENCE TO THE SERIOUS MEDICAL NEEDS OF A PRISONER

17.    Plaintiff re-alleges and incorporates all prior allegations made in this Complaint into this Count as if fully restated herein.

**ANSWER:**    **Defendant incorporates his answers to paragraphs 1-16 as and for his answer to this paragraph number 17.**

18.    Plaintiff had a serious medical need in that he required treatment for his right ear condition. Dr. Henze should have referred Plaintiff to an ear specialist in August or September 2018. After Dr. Okezie referred Plaintiff to an audiologist and ENT specialist in November 2018, Dr. Ritz – acting on behalf of Wexford – denied the referral, further delaying proper treatment.

**ANSWER:**    **Defendant denies that Plaintiff had a serious medical need. Defendant denies that he denied the referral.  Defendant denies any delay in proper treatment.   Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations of this paragraph.**

6

19.     Defendants were aware that Plaintiff had a serious medical need beginning in August and September 2018, and in fact Defendant Dr Ritz – acting on behalf of Defendant Wexford – denied Plaintiff's referral to an ear specialist in November 2018 by Dr. Okezie.

**ANSWER:**     **Defendant denies the allegations of this paragraph.**

20.     Defendants, by mistreating and denying and delaying proper care for Plaintiff's right ear condition, consciously failed to take reasonable measures to provide for treatment of Plaintiff's serious physical medical need.

**ANSWER:**     **Defendant denies the allegations of this paragraph.**

21.     As a direct result of Defendants' actions, Plaintiff suffered pain and suffering and permanent hearing loss in his right ear. Had he been sent to a specialist in August or September of 2018, or even when Dr. Okezie referred him to a specialist in November 2018 before being vetoed by Dr. Ritz, Plaintiff would have experienced substantially less pain and suffering and would not have suffered permanent hearing loss.

**ANSWER:**     **Defendant denies that he vetoed Dr. Okezie's referral in November 2018. Defendant denies the remaining allegations of this paragraph.**

22.     As medical providers of Plaintiff while he was incarcerated at the Sheridan Correctional Center, Defendants acted under the color of law.

**ANSWER:**     **Defendant denies that he was a medical provider to Plaintiff. Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations of this paragraph.**

23.     "Prison officials violate the Eighth Amendment's proscription against cruel and unusual punishment when they display 'deliberate indifference to serious medical needs of prisoners.'" Greeno v. Daley, 414 F.3d 645, 652 (7th Cir. 2005) (quoting Estelle, 429 U.S. at 104). Prison officials may exhibit deliberate indifference to a serious medical condition through inaction, Gayton v. McCoy, 593 F.3d 610, 623-24 (7th Cir. 2010); Rodriguez v. Plymouth Ambulance Serv.,

577 F.3d 816, 832 (7th Cir. 2009), or by persisting with inappropriate treatment, Gonzalez v. Feinerman, 663 F.3d 311, 314 (7th Cir. 2011). They also might show deliberate indifference by delaying necessary treatment and thus aggravating an injury or needlessly prolonging an inmate's pain. Gomez v. Randle, 680 F.3d 859, 865-66 (7th Cir. 2012).

**ANSWER:** **Defendant denies deliberate indifference. Defendant denies he provided any medical treatment. Defendant denies that he provided inappropriate medical treatment. Defendant denies cruel and unusual punishment. Defendant lacks knowledge or information sufficient to form a belief about the truth of the case law outlined in this paragraph. Defendant denies the remaining allegations of this paragraph.**

24.    By their mistreatment of Plaintiff's right ear condition and their denial and delay of proper treatment, causing Plaintiff's pain, discomfort, suffering, and permanent hearing loss, Defendants displayed deliberate indifference to the Plaintiff's serious medical needs. Therefore, Defendants violated the Plaintiff's Eighth Amendment right to not be subject to cruel and unusual punishment by showing deliberate indifference to Plaintiff's serious medical needs and such actions constitute "the unnecessary and wanton infliction of pain proscribed by the Eighth Amendment." Estelle 429 U.S. at 104.

**ANSWER:** **Defendant denies the allegations of this paragraph.**

25.    WHEREFORE, PLAINTIFF RICKEY C. MENEWEATHER, JR seeks recovery from Defendants to compensate him for his pain, discomfort, suffering, and permanent deafness and loss of hearing in his right ear due to Defendants' deprivation of his Eighth Amendment rights under color of law; a recovery of attorney fees under 42 U.S.C. § 1988; pre-judgment interest, expenses and costs; and such other and further relief as this Court may deem just and proper or to which he may be entitled as a matter of law.

**ANSWER:** **Defendant denies that Plaintiff is entitled to judgment. Defendant denies that Plaintiff is entitled to recovery from Defendants. Defendant denies that Plaintiff is entitled**

AR 043

to recovery of attorney fees under 42 U.S.C. § 1988, pre-judgment interest, expenses and costs, and such other and further relief. Defendant denies the remaining allegations of this paragraph.

**COUNT II – MONELL CLAIM AGAINST WEXFORD HEALTH SERVICES, INC.**

26.    Plaintiff re-alleges and incorporates all prior allegations made in this Complaint into this Count as if fully restated herein.

**ANSWER:    Defendant incorporates his answers to paragraphs 1-25 as and for his answer to this paragraph number 26.**

27.    Wexford's decision to deny and delay the necessary treatment for Plaintiff was due to a custom or practice of deliberate indifference to the medical needs of inmates at Sheridan Correctional Center in order to save Wexford from spending money on medical treatment.

**ANSWER:    The allegations of this Count II, paragraph 27, are not directed against this Defendant. If the allegations of this Count II, paragraph 27, are directed against this Defendant, Defendant denies the allegations of this paragraph.**

28.    Plaintiff's "injury was caused by a Wexford policy, custom, or practice of deliberate indifference to medical needs, or a series of bad acts that together raise the inference of such a policy." Shields v. Ill. Dep't of Corr., 746 F.3d 782, 796 (7th Cir. 2014).

**ANSWER:    The allegations of this Count II, paragraph 28, are not directed against this Defendant. If the allegations of this Count II, paragraph 28, are directed against this Defendant, Defendant denies the allegations of this paragraph.**

29.    As medical providers of Plaintiff while he was incarcerated at the Sheridan Correctional Center, Wexford acted under the color of law.

**ANSWER:    The allegations of this Count II, paragraph 29, are not directed against this Defendant. If the allegations of this Count II, paragraph 29, are directed against this**

AR 044

**Defendant, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph.**

30.    Wexford is therefore liable for Plaintiff's injuries, pain, suffering, and permanent physical damage per the Supreme Court decision in Monell v. Department of Social Services of City of New York. 436 U.S. 658 (1978).

**<u>ANSWER:</u>    The allegations of this Count II, paragraph 30, are not directed against this Defendant. If the allegations of this Count II, paragraph 30, are directed against this Defendant, Defendant denies the allegations of this paragraph.**

31.    WHEREFORE, PLAINTIFF RICKEY C. MENEWEATHER, JR seeks recovery from Wexford to compensate him for his pain, discomfort, suffering, and permanent deafness and loss of hearing in his right ear due to Wexford's deprivation of his Eighth Amendment rights under color of law; a recovery of attorney fees under 42 U.S.C. § 1988; pre-judgment interest, expenses and costs; and such other and further relief as this Court may deem just and proper or to which he may be entitled as a matter of law.

**<u>ANSWER:</u>    Defendant denies that Plaintiff is entitled to judgment. Defendant denies that Plaintiff is entitled to recovery from Defendants. Defendant denies that Plaintiff is entitled to recovery of attorney fees under 42 U.S.C. § 1988, denies Plaintiff is entitled to pre-judgment interest, denies Plaintiff is entitled to expenses and costs, and denies Plaintiff is entitled to any such other and further relief. Defendant denies the remaining allegations of this paragraph.**

<u>**PRAYER FOR RELIEF**</u>

WHEREFORE, Plaintiffs respectfully requests this Honorable Court enter judgment against Defendants:

AR 045

A.     Finding that the Defendants violated Plaintiff's rights under the Eighth Amendment to the United States Constitution under color of law while he was an inmate at the Sheridan Correctional Center;

B.     Awarding Plaintiff a judgment of damages to compensate him for his pain, discomfort, suffering, and permanent deafness and loss of hearing in his right ear;

C.     Awarding Plaintiff attorney fees under 42 U.S.C. § 1988; pre-judgment interest, expenses, and costs; and

D.     Awarding any and all such other and further relief as this Court shall deem just and reasonable.

**ANSWER:     Defendant denies that Plaintiff is entitled to any relief in his Prayer for Relief and Denies Plaintiff is entitled to Prayer for Relief subsections A-D.  Defendant denies that Plaintiff's rights were violated under the Eighth Amendment to the United States Constitution under color of law. Defendant denies that Plaintiff is entitled to judgment of damages. Defendant denies that Plaintiff is entitled to attorney fees under 42 U.S.C. § 1988, pre-judgment interest, expenses, and costs. Defendant denies Plaintiff is entitled to any relief whatsoever, including the requests in this paragraph. Defendant denies violating Plaintiff's rights whatsoever. Defendants denies the remaining allegations of this paragraph.**

WHEREFORE, Defendant, DR. STEPHEN RITZ, respectfully requests this Honorable Court to enter an Order granting judgment in favor of Defendant and against Plaintiff, dismissing his Second Amended Complaint with prejudice, and award costs for Defendants pursuant to 28 U.S.C. §1988, and for such other relief as this Court deems appropriate and just.

### DEFENDANT DR. STEPHEN RITZ – JURY DEMAND

Defendant Dr. Stephen Ritz hereby demand a trial by Jury under Rule 38 for all issues triable by jury.

AR 046

## <u>AFFIRMATIVE DEFENSES</u>

Without prejudice to the denials of the allegations contained in Plaintiff's Second Amended Complaint, Defendant, DR. STEPHEN RITZ, without waiving the obligations of Plaintiff to prove every factual element of his claims, states as and for his Affirmative Defenses as follows:

**1.     Qualified Immunity**

At all times relevant to Plaintiff's claims, the Defendant charged herein, Dr. Stephen Ritz, acted in the good faith performance of his official duties without violating Plaintiff's clearly established constitutional rights.  Defendant is protected from liability by the doctrine of qualified immunity.

**2.     Official Capacity Claim Barred**

To the extent that Plaintiff's claims are against Defendant in his official capacity the claims are barred by the Eleventh Amendment.

**3.     Failure to Exhaust Administrative Remedies**

Plaintiff has failed to exhaust his administrative remedies prior to the initiation of this cause of action and as a result Plaintiff's claims are barred by the Prison Litigation Reform Act.

Plaintiff failed to contact his counselor prior to filing his grievance.

Plaintiff failed to timely submit his grievance to a grievance officer after he knew or should have known of a medical grievance regarding treatment of his right ear.

Plaintiff failed to timely and properly appeal any alleged grievance to the Administrative Review Board.

Plaintiff has failed to properly exhaust his administrative remedies under the Prison Litigation Reform Act and Illinois Statutes and Codes.

Plaintiff's Second Amended Complaint must be dismissed for failure to properly exhaust his administrative remedies.

**4.     Statute of Limitations**

To the extent that Plaintiff's claims are barred by the statute of limitations, they should be dismissed. Plaintiff's claims are not a continuous course of treatment and have accrued in excess of two years of Plaintiff filing his original complaint.

**5.    *Heck v. Humphrey***

To the extent Plaintiff's allegations require the invalidation of any discipline that resulted in the loss of good time credit, these allegations are barred by *Heck v. Humphrey*, 512 U.S. 477 (1994).

**6.    Mootness**

To the extent that Plaintiff is suing the Defendant for declaratory relief or injunctive relief not intended to address ongoing violations, his claim is moot.

**7.    Compensatory Damages Barred**

To the extent that Plaintiff is suing the Defendant for compensatory damages for mental or emotional injury suffered without a prior showing of physical injury, his claim is barred by the Prison Litigation Reform Act.

**8.    Failure to State Claim with Specificity**

Defendant's personal involvement has not been established with sufficient specificity to state a claim upon which relief may be granted.

**9.    Res Judicata**

To the extent Plaintiff has previously litigated the same issues in a prior action that are now involved in this lawsuit, Plaintiff's suit is barred by the doctrine of res judicata.

WHEREFORE, Defendant, DR. STEPHEN RITZ, respectfully requests this Honorable Court to enter an Order granting judgment in favor of Defendant and against Plaintiff, dismissing his Second Amended Complaint with prejudice, and award costs for Defendants pursuant to 28 U.S.C. §1988, and for such other relief as this Court deems appropriate and just.

AR 048

Respectfully Submitted,

By: /s/ Robert S. Tengesdal
*One of the Attorneys for Defendant*

Robert Tengesdal #6288650
Katelyn Somin Jun #6329889
CONNOLLY KRAUSE LLC
500 West Madison Street – Suite 2430
Chicago, Illinois 60661
Phone: (312) 253-6200
Email(s):  rtengesdal@cktrials.com
           kjun@cktrials.com

### CERTIFICATE OF SERVICE

I hereby certify that on the date set forth below, I caused the foregoing document to be filed electronically with the Clerk of the Court through ECF and served on all counsel of record.

Dated:  January 18, 2021

By:    /s/ Katelyn Somin Jun

AR 049

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| RICKEY C. MENEWEATHER, JR., | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 1: 19-cv-6643 |
| | ) | |
| v. | ) | |
| | ) | Hon. Matthew F. Kennelly |
| DR. STEPHEN RITZ, and DR. MARLENE | ) | |
| HENZE, | ) | JURY DEMANDED |
| | ) | |
| Defendant(s) | ) | |

**RULE 56.1 JOINT STATEMENT OF UNDISPUTED FACTS
IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT OF
DR. MARLENE HENZE AND DR. STEPHEN RITZ**

NOW COME Defendants, DR. MARLENE HENZE and DR. STEPHEN RITZ[1], through

their attorneys, CONNOLLY KRAUSE LLC, and pursuant to Local Rule 56.1, for their Joint

Statement of Undisputed Facts states the following:

Index of Exhibits

1. Deposition of Rickey Meneweather, Vol I, with exhibits

2. Deposition of Rickey Meneweather, Vol II, with exhibits

3. Deposition of Dr. Marlene Henze, with exhibits

4. Deposition of Dr. Stephen Ritz, with exhibits

5. Deposition of Dr. Christian Okezie, with exhibits

6. Deposition of Matthew Walk, with exhibits

7. Declaration of Dr. Thomas Tami

8. Rebuttal Declaration of Dr. Thomas Tami

---

[1] Per the Court's 5/25/23 Order, Dkt. 107, Defendants' Motions and supporting papers were to be combined into a single motion and a single set of supporting papers.

AR 050

9.   Deposition of Dr. Alan Pollack

10.  Bates-Stamped Medical Records of Rickey Meneweather

<u>Description of the Parties</u>

1.      Plaintiff, Rickey Meneweather, (hereinafter referred to as "Plaintiff" or "Meneweather"), is a former prisoner of the Illinois Department of Corrections (hereinafter "IDOC") who was incarcerated at Sheridan Correctional Center during all times material to Plaintiff's Second Amended Complaint.  (Dkt. 25, ¶ 5; Dkt. 44, ¶ 5; Dkt. 45 ¶ 5).

2.      Dr. Marlene Henze is an employee of Wexford who was the former medical director at Sheridan Correctional Center from December 26, 2017, to October 8, 2018, and provided physician services to certain inmates at Sheridan Correctional Center.    (Dkt. 25, ¶ 8; Dkt. 44, ¶ 8; Ex. 3, p. 109:18-21).

3.      Dr. Stephen Ritz is the former Corporate Utilization Management Director (from 2014 – roughly 2020) and current Chief Medical Officer at Wexford.  (Ex. 4, p. 13:17; 13:25-14:4; 18:12-14).

<u>Venue and Jurisdiction</u>

4.      Jurisdiction and venue are proper because Plaintiff filed a federal claim under 42 U.S.C. §1983 for alleged injuries that occurred within the Northern District of Illinois while Plaintiff was an inmate at Sheridan Correctional Center.  (Dkt. 25, ¶ 4; Dkt. 44, ¶ 4; Dkt. 45, ¶ 4).

<u>Undisputed Material Facts</u>

**<u>Dr. Henze's Involvement with Mr. Meneweather</u>**

5.      On August 20, 2018, Mr. Meneweather reported that he awoke with blood on his pillow, a sensation that something was coming from his ear, throbbing pain, pressure, and ringing.  (Ex. 1, p. 57:5-58:6; 63:24-64:10; 68:18; Ex. 10, p. 0055).  He informed a correctional officer of this issue, and

2

**AR 051**

he was sent to the nurse for evaluation that same day where his ear was flushed. (Ex. 1, p. 57:5-24; Ex. 10, p. 0055).

6.   Dr. Henze saw Mr. Meneweather that same date, at which time she charted the following:

> *Patient seen from RN sick call for decreased hearing in right ear. No pain. Has had URI symptoms due to allergies for past weeks. Tympanic membrane clear, oropharynx clear. Left TM, tympanic membrane, normal pearl, normal canal. Right canal with some adherent cerumen and scant red blood due to recent traumatic removal of cerumen is appreciated. Normal tympanic membrane landmark obliterated due to white posterior effusion. Decreased movement of the tympanic membrane.* (Ex. 3, p. 35:10-20; Ex. 10, p. 0057).

7.   Dr. Henze opined that the "white effusion" noted in her chart was likely caused by infection. (Ex. 3, p. 37:15-17). The effusion is a white, milky liquid like pus. (Ex. 3, p. 37:19-24). Her plan that day was charted as:

> *Environmental allergies leading to otitis media with effusion and a traumatic otitis externa. Maxitrol drops two to three drops to the right canal three times a day for seven days. Bactrim double strength one by mouth twice a day for ten days. Follow up for exam in four weeks. Refill of Chlor-Trimeton, CTM, given one to two twice a day as needed for 60 days.* (Ex. 3, p. 38:2-9; Ex. 10, p. 0057).

8.   Maxitrol is an ear drop and a combination steroid and antibiotic. (Ex. 3, p. 38:16-39:8). It was prescribed because Mr. Meneweather was at a high risk of developing infection due to the presence of an open wound, evidenced by the liquid blood she observed. (Ex. 3, p. 38:16-39:8). The prescription of this medication was an attempt to prevent a worse infection than he already had. (Ex. 3, p. 38:16-39:8). Bactrim was an antibiotic prescribed by her to treat the effusion. (Ex. 3, p. 40:11-16). Chlor-Trimeton is a decongestant to clear up his nasal passage. (Ex. 3, p. 41:2-4). This is how she has treated ear infections since her residency, and she does the same for patients inside or outside of the prison setting. (Ex. 3, p. 41:12-17).

9.   Mr. Meneweather had adherent cerumen, meaning it was clinging on the ear canal wall and when something went in that ear and moved that wax around, it was like picking a scab which caused bleeding. (Ex. 3, p. 39:18-23).

3

**AR 052**

10.    Mr. Meneweather's next appointment was set for September 7, 2018 but was rescheduled due to a scheduling error.  (Ex. 3, p. 43:10-16; Ex. 10, p. 0059).  Then, his visit of September 10, 2018, was rescheduled to September 27, 2018 due to time constraints.  (Ex. 3, p. 43:23-44:2; Ex. 10, p. 0059).  Notably, neither of these appointments were cancelled or rescheduled by Dr. Henze.  (Ex. 10, p. 0059; Ex. 8, p. 12; Ex. 3, p. 49:8-14).  On September 27, 2017, Dr. Henze charted:

*Patient here for follow-up right ear infection. Complains of inability to hear and is very worried.  The hearing to right ear with whisper, fingers moving.  Normal hearing in left ear to same.  Right tympanic membrane is retracted and immobile.  Small amount of wax removed with long Q-tip.  Positive irritation and erythema without edema to ear canal on right.  No sinus tenderness.* (Ex. 3, p. 50:4-12; Ex. 10, p. 0060).

11.    It was clear to her on this second visit that the infection present on August 20, 2018, had resolved.  (Ex. 3, p. 51:4-11).  She explained that he still had decreased hearing at that time due to his allergy symptoms and because "when you have a retracted tympanic membrane, that's often from eustachian tube dysfunction and that pulls the tympanic membrane around the tiny little bones that vibrate for hearing because there' swelling in the eustachian tube, the tympanic membrane doesn't vibrate, the bones don't vibrate, and then you don't hear as well."  (Ex. 3, p. 51:12-22).  This is consistent with his prior complaints of allergy issues in July 2018.  (Ex. 3, p. 52:4-20; 101:22-103:5).  She opined that he likely had some level of eustachian tube dysfunction in July 2018 which was causing fluid in the ear.  (Ex. 3, p. 52:4-20).  The purulent fluid noted in August had changed to clear by September which represented an improvement from a likely infection to allergies or retained fluid from the previous infection.  (Ex. 3, p. 52:4-20).

12. Her diagnosis on September 27, 2018, was eustachian tube dysfunction and mild otitis externa with mild retained cerumen.  (Ex. 3, p. 53:10-19; Ex. 10, p. 0060; Ex. 8, p. 13).  She prescribed Maxitrol drops three to four drops to the right ear canal twice a day for ten days.  (Ex. 3, p. 53:10-19; Ex. 10, p. 0060).  The Maxitrol was prescribed to address the irritation and redness in his ear and would also address any residual infection.  (Ex. 3, p. 54:5-10).  Nasacort spray was also prescribed as well as Debrox otic drops four to five drops to the right ear canal three times per day for five days,

and an ear wash as needed.  (Ex. 3, p. 53:10-19; Ex. 10, p. 0060).  Nasacort is a corticosteroid used for inflammation and to treat the eustachian tube dysfunction which was causing the tympanic membrane to get stuck around the ear bones.  (Ex. 3, p. 54:13-21).  The Debrox otic drops soften the earwax and make it easier to remove with a lavage.  (Ex. 3, p. 55:1-7).

13.    Referral to an ENT specialist on either of her two appointments would not have been appropriate because his suspected condition could be treated by basic family or internal medicine. (Ex. 3, p. 59:3-14).

14. Her prescription of Maxitrol, Bactrim and CTM on August 20, 2018, was within the standard of care and made with the goal of achieving the optimum medical outcome for Mr. Meneweather. (Ex. 3, p. 110:5-111:9). Her decision to continue the Maxitrol and to prescribe Nasacort and Debrox on September 27, 2018, was within the standard of care and to obtain the optimum medical outcome for Mr. Meneweather. (Ex. 3, p. 113:3-114:6).

15. There was no way for her to determine as of September 27, 2018, that his hearing loss was sensorineural.  (Ex. 3, p. 114:7-13).  At no point did she observe a hole or tear in his tympanic membrane.  (Ex. 3, p. 115:17-23).  All of the decisions she made with respect to Mr. Meneweather were within the standard of care and based on her own medical knowledge and work history and experience and after an evaluation of the patient.  (Ex. 3, p. 116:22-117:12; 121:23-122:11).

**_Dr. Ritz's Involvement with Mr. Meneweather_**

16. Dr. Stephen Ritz is the former Corporate Utilization Management Director (from 2014 – roughly 2020) and current Chief Medical Officer at Wexford.  (Ex. 4, p. 13:17; 13:25-14:4; 18:12-14). Utilization Management ("UM") involves the review of requests for medical services in the context of medical necessity and clinical appropriateness. (Ex. 4, p. 18:1-6).  It further involves the clinical review of referral requests for services and payment of claims for services with contracted medical providers. (Ex. 4, p. 19:9-18).

17. Those involved in the UM process would generally include the site medical director, clerical staff that he or she designates to be involved with the call, and a UM nurse who's tasked with responsibility for the UM for that particular site. (Ex. 4, p. 19:24-20:15).

18. As the UM Medical Director, he would review the referral requests and clinical information that was submitted in support of the request and then conduct the collegial calls, which was the doctor-to-doctor discussion of any cases that could not be approved at face value. (Ex. 4, p. 19:24-20:15).

19.     Common reasons for implementation of alternative treatment plans include a failure to complete a course of therapies that can be completed on-site with all available on-site resources and referrals that are not medically necessary or clinically indicated. (Ex. 4, p. 20:22-21:12).

20. Collegial Review sometimes results in the implementation of an alternative treatment plan (ATP), which is not a denial of services; rather, the requested services are either approved or alternative methods of treatment are formulated. (Ex. 4, p. 104:14-19).

21. Per the terms of Wexford's contract with the Illinois Department of Corrections, any referral requests for offsite services were subject to collegial review. (Ex. 4, p. 21:18-21). As the Utilization Management Director, Dr. Ritz did not see patients himself and was not involved in making decisions pertaining to medical care for any patients. (Ex. 4, p. 18:12 – 19:6).

22. Dr. Ritz reviewed a referral request by Dr. Okezie dated November 9, 2018, to the University of Illinois at Chicago Ear, Nose and Throat Center pertaining to Mr. Meneweather. (Ex. 4, p. 33:2-34:8; Ex. 10, p. 0118).

23.     The reason for the referral request was indicated as: retracted, hyperemic, no light reflex, right tympanic membrane -- treated times two for otitis media, hearing loss, right ear. (Ex. 4, p. 34:3-6; Ex. 10, p. 0118). The referral request was denied at that time and an ATP (alternate treatment plan) was recommended, stating: "request for ENT consult. R2 related to 35 Y/O -- year old -- CO,

6

AR 055

is complaining of hearing loss and ringing right ear for times two months. Retracted eardrum. No

light reflex, right tympanic membrane, treated times for otitis media. Hears water swishing in his ears.

Discussed in collegial and ATP by Dr. Ritz to treat on-site with a course of Medrol Dosepak and

Claritin for 8 to 12 weeks, re-present if needed." (Ex. 4, p. 49:17-25; Ex. 10, p. 0119).

24. It is the expectation, and consistent with good clinical practice, that primary care

doctors will utilize all possible treatments on-site that is within the purview of their specialty and their

practice experience so when a referral request has not received a full primary care level treatment plan

those would be the most common reasons why a referral request for off-site services may be denied

and an alternate treatment plan considered.   (Ex. 4, p. 39:21-40:11; p. 40:21).

25. The symptoms experienced by Mr. Meneweather were common and his hearing loss

could have been caused by a number of things, including bacterial or viral infection, or persistent

inflammation and fluid behind the eardrum that can result in dysfunction of the eustachian tube. (Ex.

4, p. 50:14-23).

26. When reviewing the clinical notes, Dr. Ritz was made aware that the patient suffered

from otitis media, or an infection of the middle ear. (Ex. 4, p. 62:12-15). This condition is most

commonly caused by a viral infection; however, in cases where bacterial infection is suspected,

antibiotics would be indicated as a treatment option. (Ex. 4, p. 62:15-22).

27. On 11/21/18 Dr. Ritz again discussed this patient and recommended the following:

"Request for audiology consult related to 35-year-old complaining of hearing loss and ringing
in right ear times two months. Retracted eardrum, no light reflex, right tympanic membrane
treated times two for otitis media, hears water swishing in his ears. Discussed in collegial and
ATP by Dr. Ritz. Audiology test to be done on-site first, if necessary, after 8 to 12 weeks of
Medrol Dosepak and Claritin, may represent if needed." (Ex. 10, p. 0122).

28. A referral was ultimately approved to an audiologist by Dr. Ritz on 1/11/19. (Ex. 4, p.

73:20-74:1; Ex. 10, p. 0124).

29. On 2/26/19 Dr. Ritz approved a referral request from Dr. Okezie to an ENT for a hearing aid consult. (Ex. 4, p. 77:20-23; Ex. 10, p. 0127).

30.    Mr. Meneweather's hearing loss was eventually noted to be primarily sensorineural, meaning there's some type of dysfunction in the neurologic structures from the middle ear to the -- what's called the auditory complex, and then the nerves that run back to the hearing centers in the brain. (Ex. 4, p. 93:23-94:2).

31.    Sensorineural is the most common type of hearing loss which is most often caused by aging, congenital problems, infection, trauma, or loud noise exposure (acute or chronically); unfortunately, once it reveals itself, the only treatment is hearing assistance or hearing aids. (Ex. 4, p. 94:5-12; 95:24-96:6).  There is no surgery or medication that will treat it.  (Ex. 4, p. 94:5-12; 95:24-96:6).

32.    No record indicates that Mr. Meneweather's condition declined during the administration of the alternate treatment plan, and he was never at serious risk of harm with respect to his medical condition.  (Ex. 4, p. 108:1-13;).

33.    At no time did Dr. Ritz, as the Utilization Management Director, deny or delay care for Mr. Meneweather; rather, Dr. Ritz in conjunction with Dr. Okezie formulated a treatment plan that was best for this patient at that time. (Ex. 4, p. 111:15-19; 112:7-10).

34.    Dr. Ritz complied with the standard of care in his collegial review of Mr. Meneweather. (Ex. 4, p. 111:9-11).

### *Ortiz Eye and Hearing Associates*

35.    Matthew Walk is a hearing instrument specialist employed by Ortiz Eye and Hearing Associates who treated Mr. Meneweather in 2019.  (Ex. 6, p. 8:19-21).  He is not a doctor and cannot give opinions on the causes of hearing loss.  (Ex. 6, p. 10:12-17).  His testing from February 11, 2019, revealed that Mr. Meneweather' s left ear showed hearing within normal limits.  (Ex. 6, p. 22:9-12).

As to his right ear, it demonstrated loss of hearing, but word recognition was very good. (Ex. 6, p. 56:5-7; Walk deposition Exhibit 2, bates 0125).

36.    He also saw Mr. Meneweather on June 18, 2019. (Ex. 6, p. 58:22-23; Walk deposition Exhibit 3, bates 0141). He took impressions of his right ear for an anticipated hearing aid. (Ex. 6, p. 60:5-7; Walk deposition Exhibit 2, bates 0141). His hearing aid was delivered on July 5, 2019. (Ex. 6, p. 62:5-12; Walk deposition Ex. 4, bates 0143).

**_Defendant's Expert Dr. Thomas Tami_**

37.    Dr. Thomas Tami was retained by Dr. Henze and Dr. Ritz to evaluate the medical care and treatment rendered by them to Mr. Meneweather at Sheridan Correctional Center for complaints related to his right ear. (Ex. 7, p. 1).

38.    The only potential causes for bleeding in the ear include trauma or otitis media with perforation, and Dr. Tami does not see evidence of either of those conditions with this patient. (Ex. 7, p. 35-36, ¶ 1).

39.    Several times, Mr. Meneweather's hearing loss was attributed to possible excessive wax in the ear which might produce conductive hearing loss. Multiple flushes failed to improve his subjective complaint of hearing loss. (Ex. 7, p. 36, ¶ 2).

40.    Fluid in the ear was also suspected as a potential cause of Mr. Meneweather's complaints. (Ex. 7, p. 36, ¶ 3). His records indicate a history of antecedent respiratory infection which indicated that treatment with standard therapy including antibiotics, steroids and possibly nasal steroids and antihistamines if it was felt that perhaps allergies accounted for his middle ear effusion. (Ex. 7, p. 36, ¶ 3). It was appropriate for the primary care providers to treat the presumed middle ear effusions since this is the most common cause of hearing loss in a situation like Mr. Meneweather's. (Ex.7, p. 36, ¶ 3).

AR 058

41.    When standard treatment did not relieve his symptoms, Mr. Meneweather was referred for an audiogram, which is the only way the precise type of hearing loss can be determined.  (Ex. 7, p. 36, ¶ 4).  In this case it was determined that Mr. Meneweather had neurosensory hearing loss.  (Ex. 4, p. 36, ¶ 4).

42.    The results of the audiogram confirmed right ear neurosensory hearing loss of 75%; however, his speech determination score in the effected ear was 92%.  (Ex. 7, p. 36, ¶ 5).  Dr. Tami opines that this is unbelievably good for this level of nerve hearing loss.  (Ex. 7, p. 36, ¶ 5).  No testing was done to confirm the reliability of the audiogram, such as a Stenger test and no audiogram was performed at the University of Illinois at Chicago.  (Ex. 7, p. ¶ 36, ¶ 5).

43.    The ENT at the University of Illinois confirmed the absence of any fluid in the middle ear and no obvious reason was found for neurosensory hearing loss.  (Ex. 7, p. 36, ¶ 6).  An MRI found no abnormalities.  (Ex. 7, p. 36, ¶ 6).

44.    It was appropriate to provide Mr. Meneweather with a hearing aid which probably helped him to hear; however, any alleged delay in getting to an audiologist would have absolutely no impact on his ultimate outcome.  (Ex. 7, p. 37, ¶ 7).

45.    Early medical intervention for neurosensory hearing loss is controversial.  (Ex. 7, p. 37, ¶ 8).  The diagnosis must be made quickly so that treatment can be initiated in the first 72 hours.  (Ex. 7, p. 37, ¶ 8).  This is difficult even in the best of settings.  The most common treatment for this condition is corticosteroids and even those have not been shown to significantly change the outcome of his hearing loss.  (Ex. 7, p. 37, ¶ 8).  Therefore, any alleged delay in seeing an audiologist would have no impact on the ultimate outcome of Mr. Meneweather's hearing loss – he would still have right sided nerve hearing loss.  (Ex. 7, p. 37, ¶ 8).

AR 059

### *Dr. Tami's Opinions as to Dr. Henze*

46.     Dr. Henze provided a comprehensive evaluation of Mr. Meneweather, including an internal ear exam and otoscopic exam, when he first presented to her on August 20, 2018 for his self-reported complaint of decreased hearing in his right ear with no pain. (Ex. 7, p. 37, ¶ 10).

47.     The right ear was noted to have adherent cerumen and scant red blood in the right canal and the tympanic membrane was obliterated due to white posterior effusion with decreased movement of the right tympanic membrane. (Ex. 7, p. 37, ¶ 10). She charted otitis media with effusion and a traumatic otitis externa. (Ex. 7, p. 37, ¶ 10). It was her diagnosis that he was suffering from an ear infection due to the presence of the white posterior effusions which she stated resembled pus. (Ex. 7, p. 37, ¶ 10). These findings are consistent with ear infection. (Ex. 7, p. 37, ¶ 10).

48.     Dr. Henze formulated a plan by prescribing Maxitrol topical (steroid-antibiotic), Bactrim DS oral (combination of two antibiotics) and Chlor-Trimeton (antihistamine for allergies) to treat a suspected bacterial infection. (Ex. 7, p. 37, ¶ 10). The dosage and length of the prescriptions were reasonable and appropriate, and she scheduled the patient for a follow-up visit in 4 weeks. (Ex. 7, p. 37, ¶ 10).

49.     Given the patient's recent symptoms of allergies, presence of cerumen and suspicion of white pus from an infection, it was not only reasonable and appropriate but consistent with the community standard of care to prescribe Maxitrol topical (steroid-antibiotic), Bactrim DS oral (combination of two antibiotics) and Chlor-Trimeton (antihistamine for allergies). (Ex. 7, p. 37-38, ¶ 10).

50.     Given the subjective complaints and objective findings, there was no clinical need or medical necessity for Dr. Henze to refer the patient to an ENT, audiology consultation, or hearing testing. (Ex. 7, p. 38, ¶ 10). Dr. Henze exercised her medical judgment, which was consistent with

11

the applicable community standard of care that any other reasonably well-qualified physician would have done.  (Ex. 8, p. 9-10).

51.    Dr. Henze next saw the patient on September 27, 2018 – the last day that she saw Mr. Meneweather. (Ex. 7, p. 38, ¶ 11).  He reported decreased hearing in his right ear. (Ex. 7, p. 38, ¶ 11). Dr. Henze once again performed an objective examination with an otoscope and (1) found the tympanic membrane retracted an immobile, (2) removed a small amount of wax with a Q-tip, and (3) noted irritation and erythema without edema to the ear canal on the right with no sinus tenderness. (Ex. 7, p. 38, ¶ 11).

52.    The previous antibiotic therapy had cleared the previously noted white discharged (pus) associated with suspected infection.  (Ex. 7, p. 38, ¶ 11).  Based upon the subjective history and objective examination, Dr. Henze's medical judgment was that the presumed bacterial infection had cleared with his symptoms and objective examination consistent with eustachian tube dysfunction, mild otitis externa and mild retained cerumen.  (Ex. 7, p. 38, ¶ 11).  This is consistent with the applicable standard of care.  (Ex. 7, p. 38, ¶ 11; Ex. 8, p. 13).

53.    Dr. Henze's plan to prescribe Maxitrol, Nasacort, and Debrox followed by an ear flush was reasonable and adequate to treat the patient for suspected eustachian tube dysfunction, retained cerumen and mild otitis externa.  (Ex. 7, p. 38, ¶ 11).

54.    There was no clinical indication or medical necessity to refer Mr. Meneweather to a specialist or an audiogram at that time.  (Ex. 7, p. 38, ¶ 11).

55.    There is no evidence that Dr. Henze, after she left Sheridan Correctional Center, was consulted regarding Mr. Meneweather, or provided any further orders concerning patient care for him from her last date of treatment on September 27, 2018.  (Ex. 7, p. 37, ¶ 9).

56.    A June 4, 2019 MRI at UIC revealed a right mucous retention cyst which has no causal relationship to Mr. Meneweather's neurosensory hearing loss.  (Ex. 7, p. 38, ¶ 12).  The MRI was

AR 061

performed only to confirm that Mr. Meneweather could accommodate the prescribed hearing aid. (Ex. 7, p. 39, ¶ 12).

57.    There was no reason for Dr. Henze to refer the patient on August 20, 2018, or September 27, 2018.  His unexplained right sided neurosensory hearing loss would not have changed even if Dr. Henze had referred the patient for a specialty consult on August 20, 2018.  (Ex. 7, p. 39, ¶ 13).  Hearing loss was already present on the August 20, 2018, visit.  (Ex. 7, p. 39, ¶ 13).  At the time of the presentment, if sensorineural hearing loss was suspected, the plaintiff would have presented with a normal ear, as sensorineural hearing loss is idiopathic.  (Ex. 8, p. 15).  Here, his ear was far from normal.  (Ex. 8, p. 15).  There is nothing that Dr. Henze did, or failed to do, that caused or contributed to any injury or pain to the patient's right ear, and Mr. Meneweather was never at risk of serious harm.  (Ex. 7, p. 39, ¶ 13, 14).

### *Dr. Tami's Opinions as to Dr. Ritz*

58.    Dr. Ritz was never a treating physician of Mr. Meneweather.  (Ex. 7, p. 39, ¶ 15; Ex. 8, p. 2).  Similar to private insurance companies, utilization management involves the review of a request for medical services in the context of medical necessity and clinical appropriateness.  (Ex. 7, p. 39, ¶ 15; Ex. 8, p. 1; Ex. 4, p. 18).  Dr. Ritz is involved in utilization management at Wexford but does not make treatment decisions.  (Ex. 7, p. 39, ¶15; Ex. 8, p. 1).  Utilization Management is required by the contract between Wexford and the Illinois Department of Corrections.  (Ex. 8, p. 1; Ex. 4, p. 47:8-11).

59.    In November 2018, Dr. Okezie initiated a collegial review with Dr. Ritz for referral of Mr. Meneweather to UIC for an ENT consult due to chief complaint of hearing loss and ringing in the ear for the past two months with symptoms of retracted eardrum, no light reflex, and swishing in the ear.  (Ex. 7, p. 39, ¶ 16).

AR 062

60.     There was no denial of treatment by Dr. Ritz; rather, in collaboration with Dr. Okezie, it was determined to proceed with an alternate treatment plan consisting of treatment on site with Medrol Dosepak and Claritin for 8-12 weeks with the ability to re-present the case.  (Ex. 7, p. 39, ¶ 16; Ex. 8, p. 2-3).  Dr. Ritz's testimony that the eustachian tube can create problems with ear drum function to include ringing, muffled hearing, hearing loss and swishing sensation were all symptoms expressed by the patient in November 2018.  (Ex. 7, p. 39, ¶ 16).  As a corticosteroid, Medrol acts to reduce inflammation which would in turn assist Mr. Meneweather's body in moving the fluid out.  (Ex. 7, p. 40, ¶ 16).  This reduction in inflammation would also serve to decrease any associated pain.  (Ex. 7, p. 40, ¶ 16).  The recommendation by Dr. Ritz and Dr. Okezie in November 2018 to proceed with the alternative treatment plan for treatment on-site with Medrol and Claritin to address eustachian tube dysfunction was reasonable and consistent with the community standard of care and was consistent with the patient's symptoms.  (Ex. 8, p. 40, ¶ 16).  Dr. Okezie agreed with this treatment plan.  (Ex. 5, p. 36:19-37:4; Ex. 8, p. 2).  All collegial reviews pertaining to Mr. Meneweather occurred within a reasonable timeframe.  (Ex. 8, p. 9).

61.     During the time the alternative treatment plan was implemented, there is no evidence that Mr. Meneweather's condition worsened.  (Ex. 8, p. 40, ¶ 16).  It was reasonable for Dr. Ritz to recommend the addition of a corticosteroid to add to Dr. Henze's prior treatment regimen for eustachian tube dysfunction.  (Ex. 8, p. 40, ¶ 16).  At any time during the 8–12-week alternate treatment plan phase, Dr. Okezie could have re-presented the case to Dr. Ritz.  (Ex. 8, p. 40, ¶ 16).  There was no medical necessity or clinical indication in November 2018, to refer for an ENT consult prior to the initiation of the alternate treatment plan.  (Ex. 8, p. 40, ¶ 16).  This is further supported by the UIC records from his ENT visit which indicated a normal MRI, and no future treatment was prescribed or recommended by the ENT.  (Ex. 8, p. 40, ¶ 16).

AR 063

62.     On January 4, 2019, Dr. Okezie requested a referral to audiology.  (Ex. 8, p. 40, ¶ 17). On January 8, 2019, this request was approved by Dr. Ritz.  (Ex. 8, p. 40, ¶ 17).  The audiogram was conducted on February 11, 2019, and the results were reviewed by Dr. Okezie on February 15, 2019. Dr. Okezie's plan was for the patient to be evaluated by an ENT for cause of the air-bone gap of 15 decibels.  (Ex. 8, p. 40, ¶ 17).  This request was also approved by Dr. Ritz who also noted that the patient needed a hearing aid for his right ear after the ENT consult.  (Ex. 8, p. 40, ¶ 17).  The UIC-ENT determined that Mr. Meneweather had asymmetrical right sensorineural hearing loss.  (Ex. 8, p. 40, ¶ 17).  In July of 2019, Mr. Meneweather received his hearing aid.  (Ex. 8, p. 40, ¶ 17).

63.     At all times during the utilization review process, Dr. Ritz used his medical judgment consistent with established pathways for treatment of suspected eustachian tube dysfunction.  (Ex. 8, p. 40, ¶ 18).  During this time, Mr. Meneweather was never at serious risk of harm as sensorineural hearing loss was already present.  (Ex. 8, p. 40, ¶ 18).  This sensorineural hearing loss did not worsen during the period of the alternate treatment plan.  (Ex. 8, p. 40, ¶ 18).  A hypothetical referral to UIC-ENT in November 2018, when Dr. Ritz first became involved from the UM perspective, would not have changed Mr. Meneweather's outcome.  (Ex. 8, p. 40, ¶ 18).  The recommendations for corticosteroid Medrol and Claritin did not cause or contribute to any right sided injury or pain to his right ear. (Ex. 8, p. 40, ¶ 18).  There was no clinical indication or medical necessity for an ENT consult or MRI prior to the initiation of the alternate treatment plan with additional medications for eustachian tube dysfunction.  (Ex. 8, p. 40, ¶ 18).  Mr. Meneweather will not require any future additional medical care.  There is no surgery or treatment for his condition.  (Ex. 8, p. 40, ¶ 19).

**Testimony of Plaintiff's Expert, Dr. Alan C. Pollak**

64.     Plaintiff has disclosed Dr. Alan Pollak to offer opinions in this regard.  However, Dr. Pollak is not a family medicine doctor; rather, he is an ENT.  (Ex. 9, p. 47:11-48:14).  Despite never serving as a corporate utilization management director, not reviewing any Wexford guidelines for

AR 064

utilization management, and despite testifying that he cannot claim what a utilization manager is supposed to do, Dr. Pollak has offered opinions that Dr. Ritz violated the applicable standard of care and was negligent in this matter.  (Ex. 9, p. 108:14-17; 109:17-18; 110:6-7; 110:16-20; 163:10-16).

65.    He opines that Dr. Ritz incorrectly interpreted information regarding Mr. Meneweather, proceeded with the wrong diagnosis, recommended inappropriate treatment, failed to make a proper diagnosis until late in the process, did not treat the patient appropriately, or offer the therapeutic options and alternatives that were due this patient. (Ex. 9, p. 109:6-16; 110:6-15; 142:1-9). He agrees that Dr. Ritz was never on site at Sheridan correctional center, never examined Mr. Meneweather, and never performed any tests on Mr. Meneweather.  (Ex. 9, p. 122:14-123:3; 139:13-17).

66.    Dr. Pollak is aware that in the collegial review process, Wexford physicians can appeal the utilization management decision for alternative treatment.   (Ex. 9, p. 132:24-133:7).   He acknowledged that Dr. Okezie never appealed the decision to implement the alternative treatment plan for Mr. Meneweather suggested by Dr. Ritz.  (Ex. 9, p. 133:4-7).  He believes that Dr. Ritz was wrong as to his diagnosis from an ENT perspective.  (Ex. 9, p. 185:2-11).

67.    He disagrees with Dr. Ritz's medical judgment in this matter and does not believe that Dr. Ritz knew what he was doing.  (Ex. 9, p. 142:10-143:2).   He believes that Dr. Ritz lacked the requisite medical knowledge to properly consider this patient.  (Ex. 9, p. 143:5-144:5).

68.    Dr. Pollak has also offered the opinion that Dr. Henze violated the applicable standard of care in the assessment and treatment of Mr. Meneweather on August 20, 2018, and September 27, 2018.  (Ex. 9, p. 170:16-171:3).

69.    Dr. Pollak has never worked in a jail or a prison.  (Ex. 9, p. 179:10-20).  He does not know what security concerns might exist with respect to certain tools or medical apparatus in a prison setting, like a tuning fork for hearing tests.  (Ex. 9, p. 176:4-177:10; 179:10-180:3).

16

70.     Dr. Pollak believes that Dr. Henze was wrong as to her diagnosis of Mr. Meneweather from an ENT level.  (Ex. 9, p. 185:2-11).  He believes that she was negligent in her assessment and treatment of Mr. Meneweather because she didn't follow the standard of care.  (Ex. 9, p. 186:9-12).  He acknowledges that Dr. Henze, on her first visit with Mr. Meneweather on August 20, 2018, attempted to treat what she believed was otitis media with effusion.  (Ex. 9, p. 206:1-12).  He disagrees with her diagnosis and therefore the methods implemented to treat it.  (Ex. 9, p. 206:1-12).

71.     He acknowledges that on August 20, 2018, Dr. Henze noted that the patient had a history of upper respiratory infection symptoms due to allergies.  (Ex. 9, p. 225:19-226:23).  Dr. Pollak admitted that his medical history from a note dated July 25, 2018, corroborates Dr. Henze's statement that he had a history of chronic allergies.  (Ex. 9, p. 232:21-234:19).  He agrees that if Dr. Henze thought that the allergies were connected to an upper respiratory infection that evolved into an ear infection, this would be a mistake of medical judgment.  (Ex. 9, p. 237:15-239:15).

72.     He acknowledges that on September 27, 2018 – the last date that Dr. Henze examined this patient – that she took a case history, noted erythema and irritation present, noted that the plaintiff's tympanic membrane was retracted and immobile, assessed eustachian tube dysfunction and mild otitis externa, prescribed Maxitrol, Nasacort, Debrox Otic, requested an ear wash, and asked the patient to follow up in three to four weeks.  (Ex. 9, p. 207:1-208:23).  He disagrees that the patient's alleged hearing loss had anything to do with otitis externa and therefore the suggestion that he should be treated with another course of Maxitrol.  (Ex. 9, p. 209:6-21).

73.     He disagrees with Dr. Henze's assessment that the patient was improving as of September 27, 2018, because he no longer presented with effusion.  (Ex. 9, p. 209:22-210:22).  He opined that based on what Dr. Henze looked at on that date, that perhaps she thought the ear canal was improving.  (Ex. 9, p. 210:7-11).  He agrees that Dr. Henze was using Nasacort to treat eustachian tube dysfunction; however, he disagrees that the patient suffered from eustachian tube dysfunction

17

on that date. (Ex. 9, p. 211:2-7). He also disagrees with Dr. Henze's choice to utilize Nasacort to treat suspected eustachian tube dysfunction, despite her testimony that this was the manner in which she has treated patients in her private practice. (Ex. 9, p. 211:4-214:12). He agrees that there is nothing in the record that indicates that Dr. Henze was treating Mr. Meneweather differently because he was a prisoner. (Ex. 9, p. 215:16-20).

74.    He agrees that Dr. Henze attempted Debrox Otic to loosen up any cerumen that was still present in his ear on September 27, 2018. (Ex. 9, p. 217:3-16). However, Dr. Pollak disagrees with its use and opined that its use in a patient with complaints of pressure in the ear and decreased hearing deviated from the standard of care. (Ex. 9, p. 217:9-219:19).

75.    Dr. Pollak testified that once a diagnosis of sensorineural hearing loss is made, the appropriate course of treatment would be within 72 hours to 14 days for the patient to receive high dose steroids with or without formal audiometric testing and refer for formal baseline audiometric testing. (Ex. 9, p. 249:7-23). Further, hypothetically, a delay in the start of treatment can result in permanent hearing loss or can forfeit the opportunity to reverse hearing loss. (Ex. 9, p. 250:1-22).

76.    According to Dr. Pollak and the literature that he relied upon in formulating his opinions, roughly ten percent of all family medicine practitioners do not prescribe any treatment for sensorineural hearing loss.    (Ex. 9, p. 194:9-195:14). Notably, that literature also states that the recommendations made therein are "not intended to replace individualized patient care or clinical judgment." (Deposition Ex. 7, p. 199, to SOF Ex. 9). Further, the clinicians "should always act and decide in a way that they believe will best serve their patients' interests and needs, regardless of guideline recommendation. They must also operate within their scope of practice and according to their training." (Deposition Ex. 7, p. 201, to SOF Ex. 9). These guidelines were formulated for ENTs, of which Dr. Henze and Dr. Ritz are not. (Ex. 8, p. 3). The guidelines discussed by Dr. Pollak were

not implemented until June 6, 2019 – 10 months after the plaintiff's first complaints of hearing loss. (Ex 8, p. 3; Deposition Ex. 7 to SOF Ex. 9).

77.    Dr. Pollak testified that Dr. Ritz was wrong in his assessment of Mr. Meneweather from an ENT level. (Ex. 9, p. 185:2-11).

78.    While Dr. Pollak opines that a tuning fork should have been utilized for Mr. Meneweather to test his hearing, he concedes that his own cited article states that only 61.5 percent of physicians responding use tuning forks, whereas 93.5 percent rely on case history to make their medical judgment. (Ex. 9, p. 186:13-187:3).

79.    Dr. Pollak opines that Dr. Ritz is a treating physician based on CMS guidelines. However, the cited policy pertains to the Center for Medicaid & Medicaid Services which in no way applies to this matter and where Dr. Ritz was acting consistent with a contract between the IDOC and Wexford. (Ex. 8, p. 2). Further, Dr. Ritz did not consult or treat the plaintiff and he did not use the results of a diagnostic test. (Ex. 8, p. 2). Rather, Dr. Okezie was plaintiff's treating physician and implemented, and modified, the alternate treatment plan. (Ex. 8, p. 2).

80.    The article cited by Plaintiff's expert sets forth the common knowledge that "common causes of conductive hearing loss, such as middle ear effusion and cerumen impaction, can have the same symptoms of tinnitus and aural fulness experienced with sudden sensorineural hearing loss." (Ex. 8, p. 11; Deposition Ex. 7 to SOF Ex. 9, p. 5-6). The plaintiff presented with symptoms consistent with middle ear infection, which is consistent with conductive hearing loss and inconsistent with sudden sensorineural hearing loss. (Ex. 8, p. 11).

AR 068

Respectfully Submitted,

Dr. Marlene Henze and Dr. Stephen Ritz

By: /s/ Jeffrey J. Escher
One of the Attorneys for Defendant

Robert S. Tengesdal (#6288650)
Jeffrey J. Escher (#9289438)
CONNOLLY KRAUSE LLC
500 West Madison Street
Suite #3900
Chicago, IL 60661
Ph: (312) 253-6200
rtengesdal@cktrials.com
jescher@cktrials.com

**AR 069**

## <u>CERTIFICATE OF SERVICE</u>

       I hereby certify that on June 29, 2023, I caused the foregoing document to be filed electronically with the Clerk of the Court through ECF. Those participants in the case registered as CM/EFC users and will be served by the CM/EFC system.

       By: <u>/s/ Jeffrey J. Escher</u>
       Attorney for Defendant

AR 070

**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| RICKEY C. MENEWEATHER, JR., | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 1: 19-cv-6643 |
| | ) | |
| v. | ) | Hon. Matthew F. Kennelly |
| | ) | |
| DR. STEPHEN RITZ and | ) | |
| DR. MARLENE HENZE, | ) | |
| | ) | |
| Defendants | ) | |
| | ) | |

**PLAINTIFF'S NOTICE OF APPEAL**

Notice is hereby given that Plaintiff Rickey C. Meneweather, Jr. appeals to the United

States Court of Appeals for the Seventh Circuit from the final Judgment granting Defendants'

Motion for Summary Judgment entered in this case on January 5, 2024 (Dkt. 129), the

Memorandum Opinion and Order (Dkt. 128) of the same date, and any opinion or order that

merged into the final Judgment.

Dated: FEBRUARY 1, 2024                          Respectfully Submitted,

                                                 RICKEY C. MENEWEATHER, JR.

                                                 By: */s/ Pericles C. Abbasi*
                                                 Attorney for Plaintiff

Pericles C. Abbasi, Esq.
Chicago Law LLC
ARDC No. 6312209
6270 W. North Ave.
Chicago, IL 60639
Tel: (773) 368-5423
Fax: (773) 309-8884
ChicagoLaw@Yahoo.com

**AR 071**

**CERTIFICATE OF SERVICE AND NOTICE OF ELECTRONIC FILING**

The undersigned certifies that on FEBRUARY 1, 2024, the foregoing Notice of Appeal was electronically filed with the District Court Clerk via CM/ECF filing system and served via the Electronic Filing system to all parties who have entered appearances.

*/s/ Pericles C. Abbasi            .*
Attorney for Plaintiff
Pericles C. Abbasi, Esq.
Chicago Law LLC
6270 W. North Ave.
Chicago, IL 60639
Tel: (773) 368-5423
Fax: (773) 309-8884
ChicagoLaw@Yahoo.com

Query     Reports     Utilities     Help     Log Out

APPEAL,GILBERT,PROTO,TERMED

# United States District Court
# Northern District of Illinois - CM/ECF NextGen 1.7.1.1 (Chicago)
# CIVIL DOCKET FOR CASE #: 1:19-cv-06643

Meneweather v. Wexford Health Services, Inc. et al
Assigned to: Honorable Matthew F. Kennelly
Case in other court: 24-01214
Cause: 42:1983 Prisoner Civil Rights

Date Filed: 10/04/2019
Date Terminated: 01/05/2024
Jury Demand: Both
Nature of Suit: 555 Civil Rights (Prison Condition)
Jurisdiction: Federal Question

**Plaintiff**

**Rickey C Meneweather, Jr**

represented by **Pericles Camberis Abbasi**
Chicago Law LLC
6969 W Wabansia Ave
Chicago, IL 60707
773-368-5423
Fax: Active
Email: ChicagoLaw@Yahoo.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Sheridan Correctional Center Medical Unit**
*TERMINATED: 08/05/2020*

**Defendant**

**David J. Gomez**
*Warden*
*TERMINATED: 08/05/2020*

**Defendant**

**Wexford Health Services, Inc.**

represented by **Robert Steven Tengesdal**
Connell Krause, LLC
500 W. Madison Street, Suite 3900
Chicago, IL 60661
(312) 466-0343

AR 073

Fax: Active
Email: rtengesdal@cktrials.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**John Paul Paleczny , IV**
Connolly Krause LLC
500 West Madison Street
Suite 3900
Chicago, IL 60661
(312) 466-7260
Fax: Not a member
Email: jpaleczny@cktrials.com
*ATTORNEY TO BE NOTICED*

**Somin Jun**
Connolly Krause LLC
500 W. Madison St. Suite 2430
Chicago, IL 60661
(312) 466-7204
Fax: Not a member
Email: kjun@cktrials.com
*TERMINATED: 05/02/2021*

<u>**Defendant**</u>

**Dr Stephen Ritz**                 represented by    **Robert Steven Tengesdal**
*Dr*                                                  (See above for address)
                                                      *LEAD ATTORNEY*
                                                      *ATTORNEY TO BE NOTICED*

                                                      **James Robinson**
                                                      Illinois Attorney General's Office
                                                      115 South LaSalle St.
                                                      Ste 28th Floor
                                                      Chicago, IL 60603
                                                      312-814-7202
                                                      Email: james.robinson@ilag.gov
                                                      *TERMINATED: 06/28/2023*

                                                      **Jeffrey J Escher**
                                                      Connolly Krause
                                                      Connolly Krause
                                                      500 W Madison St
                                                      Suite 3900
                                                      Illinois
                                                      Chicago, IL 60606
                                                      312-253-6200

Email: jescher@cktrials.com
*ATTORNEY TO BE NOTICED*

**John Paul Paleczny , IV**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Somin Jun**
(See above for address)
*TERMINATED: 05/02/2021*

**Thomas Calvin Flowers**
Kopka Pinkus Dolin PC
200 W. Adams Street
Ste 1200
Chicago, IL 60606
312-782-9920
Email: tcflowers@kopkalaw.com
*TERMINATED: 08/31/2023*

**Defendant**

**Dr. Marlene Henze**                    represented by    **Robert Steven Tengesdal**
*Dr*                                                       (See above for address)
                                                           *LEAD ATTORNEY*
                                                           *ATTORNEY TO BE NOTICED*

                                                          **James Robinson**
                                                          (See above for address)
                                                          *TERMINATED: 06/28/2023*

                                                          **Jeffrey J Escher**
                                                          (See above for address)
                                                          *ATTORNEY TO BE NOTICED*

                                                          **John Paul Paleczny , IV**
                                                          (See above for address)
                                                          *ATTORNEY TO BE NOTICED*

                                                          **Somin Jun**
                                                          (See above for address)
                                                          *TERMINATED: 05/02/2021*

                                                          **Thomas Calvin Flowers**
                                                          (See above for address)
                                                          *TERMINATED: 08/31/2023*

**Service List**                         represented by    **Prisoner Correspondence 4 - Internal**

**AR 075**

*TERMINATED: 08/05/2020*

**Use Only**
Fax: Not a member
Email: ilnd_PC4@ilnd.uscourts.gov
*TERMINATED: 12/30/2019*

| Date Filed | # | Docket Text |
|---|---|---|
| 10/04/2019 | 1 | RECEIVED Complaint and no copies by Rickey Meneweather. (Exhibits) (Attachments: # 1 (Envelope postmarked 10/1/2019)) (ph, ) (Entered: 10/08/2019) |
| 10/04/2019 | 2 | PRISONER CIVIL Cover Sheet. (ph, ) (Entered: 10/08/2019) |
| 10/04/2019 | 3 | APPLICATION by Plaintiff Rickey Meneweather for leave to proceed in forma pauperis. (Exhibits) (ph, ) (Entered: 10/08/2019) |
| 10/04/2019 | 4 | MOTION by Plaintiff Rickey Meneweather for attorney representation. (ph, ) (Entered: 10/08/2019) |
| 11/18/2019 | 5 | ORDER: The Court grants Plaintiff's application to proceed in forma pauperis 3 and orders the trust fund officer at Plaintiff's place of incarceration to immediately deduct $15.48 from Plaintiff's account for payment to the Clerk of Court as an initial partial payment of the filing fee and to continue making monthly deductions in accordance with this order. The Court directs the Clerk to electronically send a copy of this order to the Supervisor of the Inmate Trust Fund Accounts at the Cook County Jail and to the Court's Fiscal Department. Summons, however, shall not issue. The Court dismisses Plaintiff's complaint 1 for failure to state a claim. If Plaintiff wants to proceed with this lawsuit, he must submit an amended complaint that states a federal claim against proper defendants. Failure to submit an amended complaint by December 16, 2019 will result in dismissal of this lawsuit for failure to state a claim. Ruling on Plaintiff's motion for attorney representation 4 is deferred. The Clerk is directed to send Plaintiff an amended complaint form, a blank USM-285 form, and instructions along with a copy of this order. Signed by the Honorable Matthew F. Kennelly on Nov. 18, 2019. Mailed notice (ph, ) (Entered: 11/18/2019) |
| 11/18/2019 | | EMAILED a copy of order 5 dated 11/18/2019 to the Supervisor of the Inmate Trust Fund Accounts at the Cook County Jail and to the Court's Fiscal Department. (ph, ) (Entered: 11/18/2019) |
| 11/18/2019 | | MAILED Plaintiff an amended complaint form, a blank USM-285 form, and instructions along with a copy of order 5 dated 11/18/2019. (ph, ) (Entered: 11/18/2019) |
| 12/09/2019 | 6 | RECEIVED Amended Complaint and no copies by Rickey Meneweather. (Envelope postmarked 12/4/19) (aee, ) (Entered: 12/10/2019) |
| 12/09/2019 | 7 | LETTER from Rickey C Meneweather Jr. dated 12/3/19. (Envelope postmarked 12/4/19) (aee, ) (Entered: 12/10/2019) |
| 12/30/2019 | 9 | ORDER: Plaintiff has submitted a proposed amended complaint 6 , as ordered. The Court has reviewed the amended complaint pursuant to 28 U.S.C. § 1915A and finds |

that Plaintiff has again failed to state a claim. Summonses, therefore, shall not issue at this time. Plaintiff's motion for attorney representation 4 is granted. The Court requests that Pericles Camberis Abbasi of The Pericles Organization, 6969 W. Wabansia Ave., Chicago, IL 60707, represent Plaintiff in accordance with counsel's trial bar obligations under the District Court's Local Rule 83.37 (N.D. Ill.). Recruited counsel falls within the class of users listed in the Electronic Public Access fee schedule adopted by the Judicial Conference of the United States, therefore, counsel shall be exempt from the payment of fees for access via PACER to the electronic case files maintained in this court for the above-captioned case only. Recruited counsel is directed to open a separate PACER account to only be used for the above-captioned case, and fees are exempt for the above-captioned case only; he shall not be exempt from the payment of fees incurred in connection with other uses of the PACER system in this court. This exemption is valid immediately and for the duration of counsel's participation in the matter. This exemption may be revoked at the discretion of the Court at any time. Counsel shall contact the PACER Service Center at 1-800-676 6856 or via the link below to create the new PACER account and to make any necessary arrangements for the waiver. The Clerk is directed to send a copy of this order to Plaintiff, recruited counsel, the Systems Department of the Northern District of Illinois, and the PACER Service Center at pacer@psc.uscourts.gov. A status hearing is set for February 7, 2020, at 9:00 a.m., in chambers (Room 2188). Recruited counsel should be prepared to advise the Court at the status hearing whether he will proceed on Plaintiff's amended complaint or whether he intends to file an amended complaint that comports with his obligations under Federal Rule of Civil Procedure 11. Signed by the Honorable Matthew F. Kennelly on 12/30/2019. Mailed notice. (kp, ) (Entered: 12/30/2019)

| | | |
|---|---|---|
| 12/30/2019 | | MAILED a copy of this order 9 to Plaintiff, recruited counsel, the Systems Department of the Northern District of Illinois, and the PACER Service Center at pacer@psc.uscourts.gov. (kp, ) (Entered: 12/30/2019) |
| 02/06/2020 | 10 | MINUTE entry before the Honorable Matthew F. Kennelly: At the Court's instance, the status hearing set for 9:00 AM on 2/7/2020 is moved to 9:15 AM on that date, in chambers (Room 2188). (mk) (Entered: 02/06/2020) |
| 02/07/2020 | 11 | MINUTE entry before the Honorable Matthew F. Kennelly: Rule 16(b) status hearing held on 2/7/2020 with only plaintiff's attorney. Status hearing is continued to 5/20/2020 at 9:00 a.m. Due to plaintiff's anticipated release from custody, plaintiff is given until 5/15/2020 to file an amended complaint, naming new defendants if necessary. Mailed notice. (mma, ) (Entered: 02/07/2020) |
| 03/16/2020 | 12 | ORDER Amended General Order 20-0012 IN RE: CORONAVIRUS COVID-19 PUBLIC EMERGENCY Signed by the Chief Judge Rebecca R. Pallmeyer on March 16, 2020. All open cases are impacted by this Amended General Order. See attached Order for guidance.Signed by the Honorable Rebecca R. Pallmeyer on 3/16/2020: Mailed notice. (ecw, ) (Entered: 03/17/2020) |
| 03/30/2020 | 13 | ORDER Seconded Amended General Order 20-0012 IN RE: CORONAVIRUS COVID-19 PUBLIC EMERGENCY Signed by the Chief Judge Rebecca R. Pallmeyer on March 30, 2020. All open cases are impacted by this Second Amended General |

| | | Order. Amended General Order 20-0012, entered on March 17, 2020, and General Order 20-0014, entered on March 20, 2020, are vacated and superseded by this Second Amended General. See attached Order for guidance.Signed by the Honorable Rebecca R. Pallmeyer on 3/30/2020: Mailed notice. (docket5, ) (Entered: 03/31/2020) |
|---|---|---|
| 04/24/2020 | 14 | ORDER Third Amended General Order 20-0012 IN RE: CORONAVIRUS COVID-19 PUBLIC EMERGENCY Signed by the Chief Judge Rebecca R. Pallmeyer on April 24, 2020. All open cases are impacted by this Third Amended General Order. Parties are must carefully review all obligations under this Order, including the requirement listed in paragraph number 5 to file a joint written status report in most civil cases. See attached Order. Signed by the Honorable Rebecca R. Pallmeyer on 4/24/2020: Mailed notice. (docket6, ) (Entered: 04/27/2020) |
| 05/17/2020 | 15 | MINUTE entry before the Honorable Matthew F. Kennelly: At the Court's instance, the deadline for plaintiff to file an amended complaint is extended to 7/16/2020. This deadline is not affected by General Order 20-0012, any of the amended versions of that order, or any similar general order entered hereafter. The status haering set for 5/20/2020 is vacated and reset to 8/6/2020 at 9:30 AM. (mk) (Entered: 05/17/2020) |
| 05/26/2020 | 16 | ORDER ORDER Fourth Amended General Order 20-0012 IN RE: CORONAVIRUS COVID-19 PUBLIC EMERGENCY Signed by the Chief Judge Rebecca R. Pallmeyer on May 26, 2020. This Order does not extend or modify any deadlines set in civil cases. For non-emergency motions, no motion may be noticed for presentment on a date earlier than July 15, 2020. See attached Order. Signed by the Honorable Rebecca R. Pallmeyer on 5/26/2020: Mailed notice. (docket7, ) (Entered: 05/26/2020) |
| 07/10/2020 | 17 | ORDER Fifth Amended General Order 20-0012 IN RE: CORONAVIRUS COVID-19 PUBLIC EMERGENCY Signed by the Chief Judge Rebecca R. Pallmeyer on July 10, 2020. This Order does not extend or modify any deadlines set in civil cases. No motions may be noticed for in-person presentment; the presiding judge will notify parties of the need, if any, for a hearing by electronic means or in-court proceeding. See attached Order. Signed by the Honorable Rebecca R. Pallmeyer on 7/10/2020: Mailed notice. (Clerk6, Docket) (Entered: 07/10/2020) |
| 07/13/2020 | 18 | MOTION by Plaintiff Rickey Meneweather for extension of time to amend terminate hearings,, set/reset hearings, 15 *Motion to Extend time to file amended complaint from July 16 to July 30 (Prisoner Medical Claim Case)* (Abbasi, Pericles) (Entered: 07/13/2020) |
| 07/13/2020 | 19 | *Motion to Extend time to file amended complaint from July 16 to July 30 (Prisoner Medical Claim Case)* NOTICE of Motion by Pericles Camberis Abbasi for presentment of motion for extension of time to amend 18 before Honorable Matthew F. Kennelly on 7/16/2020 at 09:30 AM. (Abbasi, Pericles) (Entered: 07/13/2020) |
| 07/14/2020 | 20 | MINUTE entry before the Honorable Matthew F. Kennelly: Plaintiff's motion for extension of time to amend complaint 18 is granted; the deadline for plaintiff to file an amended complaint is extended to 7/30/2020. (mk) (Entered: 07/14/2020) |
| 08/02/2020 | 21 | MINUTE entry before the Honorable Matthew F. Kennelly: At the Court's instance, the status hearing set for 9:30 AM on 8/6/2020 is advanced to 9:10 AM on that date, |

| | | |
|---|---|---|
| | | by telephone using call-in number 888-684-8852, access code 746-1053. Counsel should wait for the case to be called before announcing themselves. The Court notes that plaintiff's recruited counsel did not file an amended complaint by 7/30/2020, the deadline he had requested. Counsel should be prepared to discuss this at the status hearing. (mk) (Entered: 08/02/2020) |
| 08/03/2020 | 22 | MOTION by Plaintiff Rickey Meneweather to file instanter *Plaintiff's Second Amended Complaint (after July 30, 2020 date)* (Attachments: # 1 Exhibit Plaintiff's Second Amended Complaint)(Abbasi, Pericles) (Entered: 08/03/2020) |
| 08/03/2020 | 23 | NOTICE of Motion by Pericles Camberis Abbasi for presentment of motion to file instanter 22 before Honorable Matthew F. Kennelly on 8/6/2020 at 09:10 AM. (Abbasi, Pericles) (Entered: 08/03/2020) |
| 08/05/2020 | 24 | MINUTE entry before the Honorable Matthew F. Kennelly: Motion to file second amended complaint instanter 22 is granted. Counsel should now file the second amended complaint as its own docket entry. (mk) (Entered: 08/05/2020) |
| 08/05/2020 | 25 | *Second* AMENDED complaint by Rickey Meneweather against Wexford%20Health%20Services%20Incorporated, Stephen Ritz, Marlene Henze and terminating Sheridan Correctional Center Medical Unit, David J. Gomez (Warden) and Service List (Abbasi, Pericles) (Entered: 08/05/2020) |
| 08/06/2020 | 26 | MINUTE entry before the Honorable Matthew F. Kennelly: Telephonic status hearing held on 8/6/2020. The Clerk is directed to issue summons' to the named defendants on the second amended complaint. The U.S. Marshal is appointed to serve the summons. The plaintiff is directed to complete the USM-285 (Marshal Service) forms for service on the defendants. A telephonic status hearing is set for 10/8/2020 at 9:15 a.m. The following call-in number will be used for the hearing: 888-684-8852, access code 746-1053. Mailed notice. (mma, ) (Entered: 08/06/2020) |
| 08/07/2020 | | SUMMONS Issued with certified copy of the order dated 8/6/2020 the U.S. Marshals for service as to Defendants Marlene Henze, Stephen Ritz, Wexford Health Services, Inc. (mc, ) (Entered: 08/07/2020) |
| 10/05/2020 | 27 | ATTORNEY Appearance for Defendants Stephen Ritz, Wexford Health Services, Inc. by Robert Steven Tengesdal (Tengesdal, Robert) (Entered: 10/05/2020) |
| 10/08/2020 | 28 | MINUTE entry before the Honorable Matthew F. Kennelly: Telephonic status hearing held on 10/8/2020. Plaintiff's counsel is directed to complete a waiver of service form and send it to defense counsel. A telephonic status hearing is set for 12/16/2020 at 9:00 a.m. The following call-in number will be used for the hearing: 888-684-8852 conference code 746-1053. Mailed notice. (mma, ) (Entered: 10/08/2020) |
| 10/09/2020 | 29 | WAIVER OF SERVICE returned executed by Rickey C Meneweather, Jr. Stephen Ritz waiver sent on 10/1/2020, answer due 11/30/2020; Wexford Health Services, Inc. waiver sent on 10/1/2020, answer due 11/30/2020. (mc, ) (Entered: 10/14/2020) |
| 11/17/2020 | 30 | ATTORNEY Appearance for Defendants Stephen Ritz, Wexford Health Services, Inc. by Somin Jun *with Jury Demand* (Jun, Somin) (Entered: 11/17/2020) |
| | | |

| 11/19/2020 | 31 | MOTION by Defendants Stephen Ritz, Wexford Health Services, Inc. for protective order *Motion for HIPAA Protective Order* (Jun, Somin) (Entered: 11/19/2020) |
| 11/19/2020 | 32 | MOTION by Defendants Stephen Ritz, Wexford Health Services, Inc. for order *Issuance of Subpoena for Mental Health Records* (Jun, Somin) (Entered: 11/19/2020) |
| 11/20/2020 | 33 | HIPAA QUALIFIED PROTECTIVE ORDER Signed by the Honorable Matthew F. Kennelly on 11/20/2020: Agreed motion for protective order 31 is granted. (mk) (Entered: 11/20/2020) |
| 11/24/2020 | 34 | ATTORNEY Appearance for Defendant Marlene Henze by Robert Steven Tengesdal (Tengesdal, Robert) (Entered: 11/24/2020) |
| 11/24/2020 | 35 | WAIVER OF SERVICE returned executed by Marlene Henze. Marlene Henze waiver sent on 11/19/2020, answer due 1/18/2021. (Tengesdal, Robert) (Entered: 11/24/2020) |
| 11/24/2020 | 36 | ATTORNEY Appearance for Defendant Marlene Henze by Somin Jun (Jun, Somin) (Entered: 11/24/2020) |
| 11/30/2020 | 37 | MOTION by Defendants Stephen Ritz, Wexford Health Services, Inc. for extension of time to file answer *Unopposed Motion for Extension of time to Answer* (Jun, Somin) (Entered: 11/30/2020) |
| 11/30/2020 | 39 | WAIVER of service returned unexecuted as to Dr. Marlene Henze. (jh, ) (Entered: 12/04/2020) |
| 12/01/2020 | 38 | MINUTE entry before the Honorable Matthew F. Kennelly: Joint motion for order authorizing issuance of a subpoena under 740 ILCS 110/10(d) for the mental health records of Rickey C. Meneweather, Jr. 32 is granted. Defendants Ritz and Wexford's unopposed motion for extension of time 37 is granted; response to second amended complaint is to be filed by 1/18/2021. (mk) (Entered: 12/01/2020) |
| 12/16/2020 | 40 | MINUTE entry before the Honorable Matthew F. Kennelly: Telephonic status hearing held on 12/16/2020. Defense counsel did not participate in the hearing. The parties are ordered to discuss and attempt to agree on a discovery schedule. By no later than 12/23/2020, the parties are directed to file a joint status report setting out a proposed schedule or alternative proposals. Plaintiff's attorney is directed to ascertain whether he can get settlement authority and is to make a settlement demand by 1/6/2021, if counsel is able to do so. A telephonic status hearing is set for 1/20/2021 at 9:20 a.m. The telephonic call-in number will be used for the hearing: 888-684-8852 conference code 746-1053. Mailed notice. (mma, ) (Entered: 12/16/2020) |
| 12/23/2020 | 41 | STATUS Report *JOINT STATUS REPORT ON DISCOVERY* by Rickey C Meneweather, Jr (Abbasi, Pericles) (Entered: 12/23/2020) |
| 12/24/2020 | 42 | MINUTE entry before the Honorable Matthew F. Kennelly:Based on the parties' joint status report, the Court sets the following discovery and pretrial schedule. Rule 26(a)(1) disclosures are to be made and written discovery requests are to be issued by 1/11/2021. The deadline for amending the pleadings and adding parties is 8/2/2021. Fact discovery is to be completed by 10/20/2021. Rule 26(a)(2) disclosures are to be made by plaintiff by 10/20/2021, with depositions by 11/22/2021, and by defendants |

| | | by 1/24/2022, with depositions by 2/24/2022. The deadline for filing dispositive motions is 4/8/2022. The deadline for plaintiff to make a settlement demand is extended to 2/15/2021, and the deadline for defendants to make a response to the demand is extended to 3/1/2022. The telephone status hearing set for 1/20/2021 is vacated and reset to 3/3/2021 at 8:50 AM, using call-in number 888-684-8852, access code 746-1053. Counsel should wait for the case to be called before announcing themselves. (mk) (Entered: 12/24/2020) |
|---|---|---|
| 01/04/2021 | 43 | WAIVER OF SERVICE returned executed by the U.S. Marshal Service as to Marlene Henze. Waiver sent on 12/21/2020, answer due 2/19/2021. (Attachments: # 1 Executed USM 285 Form)(jh, ) (Entered: 01/04/2021) |
| 01/18/2021 | 44 | ANSWER to amended complaint *and Affirmative Defenses* by Marlene Henze(Jun, Somin) (Entered: 01/18/2021) |
| 01/18/2021 | 45 | ANSWER to amended complaint *and Affirmative Defenses* by Stephen Ritz(Jun, Somin) (Entered: 01/18/2021) |
| 01/18/2021 | 46 | MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM by Defendant Wexford Health Services, Inc. (Jun, Somin) (Entered: 01/18/2021) |
| 01/18/2021 | 47 | MEMORANDUM by Wexford Health Services, Inc. in support of Motion to Dismiss for Failure to State a Claim 46 (Jun, Somin) (Entered: 01/18/2021) |
| 01/31/2021 | 48 | MINUTE entry before the Honorable Matthew F. Kennelly: Defendant Wexford Health Services has moved to dismiss counts 1 and 2 of the second amended complaint. It is not clear whether plaintiff intends to name Wexford in count 1, but if so then the claim is deficient against Wexford because there is no respondeat superior liability under 42 USC 1983. Count 2 is a claim against Wexford under Monell v. Dept. of Social Servs. of City of N.Y. Defendant has moved to dismiss this claim on the basis that it does not sufficiently allege a policy or custom of Wexford that caused the violation of plaintiff's constitutional rights. The Court is setting a briefing schedule on the motion to dismiss but makes the observation that if plaintiff wishes to pursue a Monell claim against Wexford he would be well advised to include more detailed allegations regarding the alleged policy. Plaintiff's response to the motion to dismiss, or amended complaint as to counts 1 and 2, is to be filed by 2/16/2021. Wexford's reply if plaintiff responds to the motion to dismiss is to be filed by 3/1/2021. Motion hearing set for 3/3/2021 at 8:50 AM in conjunction with the telephone status hearing set for that date and time. (mk) (Entered: 01/31/2021) |
| 02/16/2021 | 49 | MOTION by Plaintiff Rickey C Meneweather, Jr for extension of time to amend set motion and R&R deadlines/hearings,,,,, 48 (Abbasi, Pericles) (Entered: 02/16/2021) |
| 02/17/2021 | 50 | MINUTE entry before the Honorable Matthew F. Kennelly: Plaintiff's motion for extension of time to amend 49 is granted; deadline for filing amended complaint as previously ordered is extended to 2/22/2021. (mk) (Entered: 02/17/2021) |
| 02/22/2021 | 51 | MOTION by Plaintiff Rickey C Meneweather, Jr for extension of time to amend order on motion for extension of time to amend, terminate motions 50 (Abbasi, Pericles) (Entered: 02/22/2021) |
| | | |

| 02/24/2021 | 52 | MINUTE entry before the Honorable Matthew F. Kennelly: Plaintiff's motion for an extension of time to 2/25/2021 to file an amended complaint or respond to the motion to dismiss is granted. (mk) (Entered: 02/24/2021) |
| 02/25/2021 | 53 | MOTION by Plaintiff Rickey C Meneweather, Jr for extension of time to file answer regarding order on motion for extension of time to amend, terminate motions 52 (Abbasi, Pericles) (Entered: 02/25/2021) |
| 02/27/2021 | 54 | MINUTE entry before the Honorable Matthew F. Kennelly: Motion for extension of time to 3/1/2021 53 is granted. (mk) (Entered: 02/27/2021) |
| 03/01/2021 | 55 | MOTION by Plaintiff Rickey C Meneweather, Jr for extension of time to amend order on motion for extension of time to answer, terminate motions 54 (Abbasi, Pericles) (Entered: 03/01/2021) |
| 03/02/2021 | 56 | MINUTE entry before the Honorable Matthew F. Kennelly: Motion to extend deadline to 3/2/2021 55 is granted. The case remains set for a telephone status hearing on 3/3/2021 as previously ordered. (mk) (Entered: 03/02/2021) |
| 03/03/2021 | 57 | MINUTE entry before the Honorable Matthew F. Kennelly: Telephonic status hearing held on 3/3/2021. The deadline for plaintiff to file an amended complaint is extended to 3/17/2021. A telephonic status hearing is set for 3/24/2021 at 9:05 a.m. The following call-in number will be used for the hearing: 888-684-8852 conference code 746-1053. Mailed notice. (mma, ) (Entered: 03/03/2021) |
| 03/17/2021 | 58 | MOTION by Plaintiff Rickey C Meneweather, Jr for extension of time to amend terminate deadlines and hearings,, telephone conference,, set deadlines/hearings, 57 (Abbasi, Pericles) (Entered: 03/17/2021) |
| 03/24/2021 | 59 | MINUTE entry before the Honorable Matthew F. Kennelly: Telephonic status hearing held on 3/24/2021. The oral request by plaintiffs' counsel for an extension to file an amended complaint is granted. Plaintiff is given a final extension to 4/21/2021 to file an amended complaint. The Court will not entertain any further requests for an extension. A telephonic status hearing is set for 4/27/2021 at 9:00 a.m. The following call in number will be used for the hearing: 888-684-8852, access code 746-1053. Mailed notice. (mma, ) (Entered: 03/24/2021) |
| 04/22/2021 | 60 | MINUTE entry before the Honorable Matthew F. Kennelly: The Court notes that no amended complaint was filed by the "final" deadline of 4/21/2021, a deadline that was extended on no less than 5 occasions at the request of plaintiff's recruited counsel. Before the Court at the time leave to amend was granted was (and is) a motion to dismiss the claims against defendant Wexford. The motion is granted as to Count 1 for the reasons stated in the Court's order of 1/31/2021 (dkt. no. 48) and is granted as to Count 2 because the second amended complaint does not allege sufficient facts to give rise to an actionable claim against Wexford under Monell v Dep't of Social Servs. of City of NY. The case will proceed on the remaining claims, and discovery is to move ahead at this point. The parties are to be prepared to report on the status of discovery (both completed and planned) at the status hearing on 4/27/2021. (mk) (Entered: 04/22/2021) |
| 04/27/2021 | 61 | MINUTE entry before the Honorable Matthew F. Kennelly: Telephonic status hearing |

| | | held on 4/27/2021. The parties reported on the status of discovery. Plaintiff is to serve Rule 26(a)(1) disclosures by 5/7/2021. Plaintiff is to serve written discovery requests by 5/14/2021. A telephonic status hearing is set for 6/9/2021 at 9:15 a.m. The following call-in number will be used for the hearing: 888-684-8852 conference code 746-1053. Mailed notice. (mma, ) (Entered: 04/27/2021) |
|---|---|---|
| 04/30/2021 | 62 | MOTION by Attorney Somin Jun to withdraw as attorney for Marlene Henze, Stephen Ritz, Wexford Health Services, Inc.. No party information provided (Jun, Somin) (Entered: 04/30/2021) |
| 05/02/2021 | 63 | MINUTE entry before the Honorable Matthew F. Kennelly: Motion by Somin Jun to withdraw as attorney 62 is granted. (mk) (Entered: 05/02/2021) |
| 05/11/2021 | 64 | NOTICE by Robert Steven Tengesdal of Change of Address (Tengesdal, Robert) (Entered: 05/11/2021) |
| 05/13/2021 | 65 | ATTORNEY Appearance for Defendants Marlene Henze, Stephen Ritz, Wexford Health Services, Inc. by John Paul Paleczny, IV (Paleczny, John) (Entered: 05/13/2021) |
| 06/09/2021 | 66 | MINUTE entry before the Honorable Matthew F. Kennelly: Telephonic status hearing held on 6/9/2021. Responses to outstanding written discovery are to be served by 6/28/2021. A telephonic status hearing is set for 7/27/2021 at 9:15 a.m. The following call-in number will be used: 888-684-8852, access code 746-1053. Mailed notice. (mma, ) (Entered: 06/09/2021) |
| 07/24/2021 | 67 | MINUTE entry before the Honorable Matthew F. Kennelly: At the Court's instance, the telephonic status hearing is set for 7/27/2021 at 9:15 a.m. is advanced to 8:50 a.m. on that date. The following call-in number will be used: 888-684-8852, access code 746-1053. Counsel should wait for the case to be called before announcing themselves. (mk) (Entered: 07/24/2021) |
| 07/27/2021 | 68 | MINUTE entry before the Honorable Matthew F. Kennelly: Telephonic status hearing held on 7/27/2021. Both sides are to respond to the written discovery requests by 8/6/2021. This is the final deadline. A telephonic status hearing is set for 8/17/2021 at 9:15 a.m. The following call-in number will be used for the hearing: 888-684-8852 conference code 746-1053. Mailed notice. (mma, ) (Entered: 07/27/2021) |
| 08/09/2021 | 69 | MINUTE entry before the Honorable Matthew F. Kennelly: At the Court's instance, the telephonic status hearing set for 8/17/2021 at 9:15 a.m. is advanced to 8:55 a.m. on that date. This is a time change only. Counsel are to be prepared to discuss what depositions will be needed and whether it is appropriate to extend the discovery cutoff date. The following call-in number will be used for the hearing: 888-684-8852 conference code 746-1053. (mk) (Entered: 08/09/2021) |
| 08/17/2021 | 70 | MINUTE entry before the Honorable Matthew F. Kennelly: Telephonic status hearing held on 8/17/2021. The parties reported on the status of discovery. A telephonic status hearing is set for 9/8/2021 at 9:00 a.m. The following call-in number will be used for the hearing: 888-684-8852 conference code 746-1053. Mailed notice. (mma, ) (Entered: 08/17/2021) |

| | | |
|---|---|---|
| 09/07/2021 | 71 | ATTORNEY Appearance for Defendants Marlene Henze, Stephen Ritz by Thomas Calvin Flowers (Flowers, Thomas) (Entered: 09/07/2021) |
| 09/08/2021 | 72 | MINUTE entry before the Honorable Matthew F. Kennelly: Telephonic status hearing held on 9/8/2021. Fact discovery cutoff is extended to 2/22/2022. Plaintiff's Rule 26(a)(2) disclosures are to be made by 3/22/2022. Depositions of plaintiff's experts are to be completed by 4/22/2022. Defendant's Rule 26(a)(2) disclosures are to be made by 5/23/2022. Depositions of the defendant's experts are to be completed by 6/23/2022. Dispositive motion deadline is set for 8/18/2022. A telephonic status hearing is set for 11/9/2021 at 9:00 a.m. The following call-in number will be used: 888-684-8852, conference code 746-1053. The parties are to file a joint status report regarding discovery is due 11/2/2021. Mailed notice. (mma, ) (Entered: 09/08/2021) |
| 11/01/2021 | 73 | ATTORNEY Appearance for Defendants Marlene Henze, Stephen Ritz by James Robinson (Robinson, James) (Entered: 11/01/2021) |
| 11/02/2021 | 74 | STATUS Report *Joint Status Report* by Rickey C Meneweather, Jr (Abbasi, Pericles) (Entered: 11/02/2021) |
| 11/09/2021 | 75 | MINUTE entry before the Honorable Matthew F. Kennelly: Telephonic status hearing held on 11/9/2021. The parties reported on the status of discovery. A telephonic status hearing is set for 1/14/2022 at 9:00 a.m. The following call-in number will be used for the hearing: 888-684-8852 conference code 746-1053. The parties are directed to file a joint status report regarding the status of discovery by 1/7/2022. Mailed notice. (mma, ) (Entered: 11/09/2021) |
| 12/03/2021 | 76 | DISCIPLINARY ORDER Signed by the Executive Committee on 12/3/2021. Mailed via certified mail article no. 7021 1970 0001 3330 0144 (rp, ) Modified on 12/13/2021 (rp, ). (Entered: 12/10/2021) |
| 01/07/2022 | 77 | STATUS Report *Joint Status Report* by Rickey C Meneweather, Jr (Abbasi, Pericles) (Entered: 01/07/2022) |
| 01/14/2022 | 78 | MINUTE entry before the Honorable Matthew F. Kennelly: Telephonic status hearing held on 1/14/2022. Discovery and pretrial deadlines are extended as follows: Fact discovery date is extended to 4/8/2022. Rule 26(a)(2) disclosure date for the plaintiff is extended to 5/9/2022 with any experts to be deposed by 6/8/2022. Rule 26(a)(2) deadline for the defendants is extended to 7/8/2022 with any depositions of experts to take place by 8/8/2022 and the deadline for filing dispositive motions is extended to 10/3/2022. A telephonic status hearing is set for 3/15/2022 at 9:00 a.m. The following call-in number will be used: 888-684-8852; access code 746-1053. The parties are directed to file a joint status report by 3/8/2022. Mailed notice. (mma, ) (Entered: 01/14/2022) |
| 03/08/2022 | 79 | STATUS Report *joint of all parties* by Marlene Henze, Stephen Ritz (Robinson, James) (Entered: 03/08/2022) |
| 03/11/2022 | 80 | MINUTE entry before the Honorable Matthew F. Kennelly: At the Court's instance, the telephonic status hearing set for 9:00 AM on 3/15/2022 is advanced to 8:50 AM on that same date. (This is a time change only.) The following call-in number will be used: 888-684-8852; access code 746-1053. (mk) (Entered: 03/11/2022) |

| 03/15/2022 | [81](#) | MINUTE entry before the Honorable Matthew F. Kennelly: Telephonic status hearing held on 3/15/2022. The parties reported on the status of discovery. A telephonic status hearing is set for 4/18/2022 at 8:45 a.m. The following call-in number will be used for the hearing: 888-684-8852, access code 746-1053. Mailed notice. (mma, ) (Entered: 03/15/2022) |
|---|---|---|
| 04/18/2022 | [82](#) | MINUTE entry before the Honorable Matthew F. Kennelly: Telephonic status hearing held on 4/18/2022. Deadline for taking the deposition of Dr. Okezie is 5/23/2022. A telephonic status hearing is set for 6/1/2022 at 9:00 a.m. The following call-in number will be used for the hearing: 888-684-8852, access code 746-1053. Mailed notice. (mma, ) (Entered: 04/18/2022) |
| 06/01/2022 | [83](#) | MINUTE entry before the Honorable Matthew F. Kennelly: Telephonic status hearing held on 6/1/2022. Plaintiff's counsel did not appear for the hearing. Rule 26(a)(2) disclosures are to be made by 8/19/2022. Rebuttal Rule 26(a)(2) disclosures are due 9/19/2022. Deadline for completing expert depositions is 10/19/2022. The deadline for filing dispositive motions is 11/21/2022. A telephonic status hearing is set for 8/23/2022 at 9:00 a.m. The following call-in number will be used: 888-684-8852; access code 746-1053. Persons granted remote access to proceedings are reminded of the general prohibition against photographing, recording, and rebroadcasting of court proceedings. Violation of these prohibitions may result in sanctions, including removal of court issued media credentials, restricted entry to future hearings, denial of entry to future hearings, or any other sanctions deemed necessary by the Court. Mailed notice. (mma, ) (Entered: 06/01/2022) |
| 08/18/2022 | [84](#) | MINUTE entry before the Honorable Matthew F. Kennelly: At the Court's instance, the telephonic status hearing set for 8/23/2022 is vacated and reset to 9/23/2022 at 8:45 a.m. The following call-in number will be used: 888-684-8852; access code 746-1053. Persons granted remote access to proceedings are reminded of the general prohibition against photographing, recording, and rebroadcasting of court proceedings. Violation of these prohibitions may result in sanctions, including removal of court issued media credentials, restricted entry to future hearings, denial of entry to future hearings, or any other sanctions deemed necessary by the Court. (mk) (Entered: 08/18/2022) |
| 08/18/2022 | [85](#) | MINUTE entry before the Honorable Matthew F. Kennelly: A joint status report regarding the progress of discovery and the prospect of settlement is to be filed on 9/16/2022. (mk) (Entered: 08/18/2022) |
| 09/16/2022 | [86](#) | STATUS Report *joint of all parties* by Marlene Henze, Stephen Ritz (Robinson, James) (Entered: 09/16/2022) |
| 09/21/2022 | [87](#) | MINUTE entry before the Honorable Matthew F. Kennelly: At the Court's instance, the telephonic status hearing set for 8:45 AM on 9/23/2022 is reset to 9:00 AM on that same date. The call-in information remains the same as previously described. (mk) (Entered: 09/21/2022) |
| 09/23/2022 | [88](#) | MINUTE entry before the Honorable Matthew F. Kennelly: Telephonic status hearing |

| | | |
|---|---|---|
| | | held on 9/23/2022. Plaintiff is given until 10/14/2022 to serve a subpoena to Dr. Okezie for a deposition. The deposition of Dr. Okezie is to take place before 10/31/2022. The 11/21/2022 deadline for filing dispositive motions is vacated. A telephonic status hearing is set for 10/19/2022 at 9:10 a.m. The following call-in number will be used: 888-684-8852; access code 746-1053. Persons granted remote access to proceedings are reminded of the general prohibition against photographing, recording, and rebroadcasting of court proceedings. Violation of these prohibitions may result in sanctions, including removal of court issued media credentials, restricted entry to future hearings, denial of entry to future hearings, or any other sanctions deemed necessary by the Court. Mailed notice. (mma, ) (Entered: 09/23/2022) |
| 10/14/2022 | 89 | MINUTE entry before the Honorable Matthew F. Kennelly: Atthe Court's instance, the telephonic status hearing set for 10/19/2022 is vacated and reset to 10/28/2022 at 9:05 a.m. The following call-in number will be used for the hearing: 888-684-8852, access code 746-1053. The parties are to file a joint status report on 10/21/2022. This should include in particular the status of the anticipated deposition of Dr. Okezie for which the Court has imposed a 10/31/2022 deadline. The Court reserves the right to vacate the status hearing if it determines one is not needed. (mk) (Entered: 10/14/2022) |
| 10/21/2022 | 90 | STATUS Report *Joint Status Report* by Rickey C Meneweather, Jr (Abbasi, Pericles) (Entered: 10/21/2022) |
| 10/28/2022 | 91 | MINUTE entry before the Honorable Matthew F. Kennelly: Telephonic status hearing held on 10/28/2022. The parties are directed to confer on the scheduling of a telephonic deposition of Dr. Okezie on a date that is to be agreed upon by counsel. The deposition is to take place no later than 11/15/2022 and is limited to one hour. Defense counsel is directed to make best efforts to secure Dr. Okezie's deposition. The parties are directed to file a joint status report by 11/18/2022. A telephonic status hearing is set for 11/23/2022 at 9:00 a.m. The following call-in number will be used for the hearing: 888-684-8852; access code 746-1053. Persons granted remote access to proceedings are reminded of the general prohibition against photographing, recording, and rebroadcasting of court proceedings. Violation of these prohibitions may result in sanctions, including removal of court issued media credentials, restricted entry to future hearings, denial of entry to future hearings, or any other sanctions deemed necessary by the Court. Mailed notice. (mma, ) (Entered: 10/28/2022) |
| 11/18/2022 | 92 | STATUS Report *joint of all parties* by Marlene Henze, Stephen Ritz (Robinson, James) (Entered: 11/18/2022) |
| 11/23/2022 | 93 | MINUTE entry before the Honorable Matthew F. Kennelly: Telephonic status hearing held on 11/23/2022. Plaintiff's request to reopen the discovery to disclose an expert is granted. The expert needs to be disclosed by 1/23/2023. This is a final date, and it will not be extended for any circumstances. A telephonic status hearing is set for 1/24/2023 at 8:45 a.m. The following call-in number will be used for the hearing: 888-684-8852, access code 746-1053. Persons granted remote access to proceedings are reminded of the general prohibition against photographing, recording, and rebroadcasting of court proceedings. Violation of these prohibitions may result in sanctions, including removal of court issued media credentials, restricted entry to future hearings, denial of entry to future hearings, or any other sanctions deemed necessary by the Court. Mailed notice. |

|  |  |  |
|---|---|---|
|  |  | (mma, ) (Entered: 11/23/2022) |
| 12/29/2022 | 94 | ANNUAL REMINDER: Pursuant to Local Rule 3.2 (Notification of Affiliates), any nongovernmental party, other than an individual or sole proprietorship, must file a statement identifying all its affiliates known to the party after diligent review or, if the party has identified no affiliates, then a statement reflecting that fact must be filed. An affiliate is defined as follows: any entity or individual owning, directly or indirectly (through ownership of one or more other entities), 5% or more of a party. The statement is to be electronically filed as a PDF in conjunction with entering the affiliates in CM/ECF as prompted. As a reminder to counsel, parties must supplement their statements of affiliates within thirty (30) days of any change in the information previously reported. This minute order is being issued to all counsel of record to remind counsel of their obligation to provide updated information as to additional affiliates if such updating is necessary. If counsel has any questions regarding this process, this LINK will provide additional information. Signed by the Executive Committee on 12/29/2022: Mailed notice. (tg, ) (Entered: 12/29/2022) |
| 01/24/2023 | 95 | MINUTE entry before the Honorable Matthew F. Kennelly: Telephonic status hearing held on 1/24/2023. Plaintiff's expert Rule 26(a)(2) disclosures are to be made by 2/14/2023. Defendant has until 3/16/2023 to submit rebuttal Rule 26(a)(2) disclosures. Expert discovery is to be completed by 5/1/2023. A telephonic status hearing is set for 5/8/2023 at 8:50 a.m. The following call-in number will be used for the hearing: 888-684-8852, access code 746-1053. Persons granted remote access to proceedings are reminded of the general prohibition against photographing, recording, and rebroadcasting of court proceedings. Violation of these prohibitions may result in sanctions, including removal of court issued media credentials, restricted entry to future hearings, denial of entry to future hearings, or any other sanctions deemed necessary by the Court. Mailed notice. (mma, ) (Entered: 01/24/2023) |
| 03/01/2023 | 96 | *Motion to Extend time for Rule 26(a)(2)(B) disclosures to February 28, 2023* NOTICE of Motion by Pericles Camberis Abbasi for presentment of (Attachments: # 1 Declaration Dr Alan Pollak Declaration, # 2 Exhibit Rule 26(a)(2)(B) disclosure) (Abbasi, Pericles) (Entered: 03/01/2023) |
| 03/01/2023 | 97 | RESPONSE by Defendants Marlene Henze, Stephen Ritz to notice of motion, 96 *in opposition to Plaintiff's Motion for Extension of Time to File Plaintiff's Rule 26(a)(2)(B) Disclosures* (Attachments: # 1 Exhibit E-mails)(Robinson, James) (Entered: 03/01/2023) |
| 03/02/2023 | 98 | MINUTE entry before the Honorable Matthew F. Kennelly: Plaintiff's motion to serve his Rule 26(a)(2) disclosure two weeks late, as of 2/28/2023, is granted 96 . Based on this two-week-late disclosure and a one-week period of unavailability of defense counsel, defendant asks for a six-week extension of defendant's Rule 26(a)(2) disclosure date. This does not add up. The deadline for defendant's rebuttal Rule 26(a)(2) disclosure, if any, is extended to 4/13/2023, which is a four-week extension and should be plenty. The deadline for completing expert discovery is extended to 5/15/2023. This one-month interval should be plenty of time to schedule depositions (if needed) of the experts, so long as counsel get to work on that now, which the Court directs them to do. The case remains set for a telephonic status hearing on 5/8/2023 as |

| | | previously ordered. (mk) (Entered: 03/02/2023) |
|---|---|---|
| 03/14/2023 | 99 | MOTION by Defendants Marlene Henze, Stephen Ritz for sanctions *pursuant to FRCP 37 for failure to comply with FRCP 26(a)(2)(B)* (Attachments: # 1 Exhibit March 1st e-mail, # 2 Exhibit March 2nd e-mail, # 3 Exhibit March 6th e-mail, # 4 Exhibit March 8th e-mail)(Robinson, James) (Entered: 03/14/2023) |
| 03/15/2023 | 100 | RESPONSE by Rickey C Meneweather, Jrin Opposition to MOTION by Defendants Marlene Henze, Stephen Ritz for sanctions *pursuant to FRCP 37 for failure to comply with FRCP 26(a)(2)(B)* 99 (Attachments: # 1 Exhibit Disclosures email of February 28, re-forwarded on March 15)(Abbasi, Pericles) (Entered: 03/15/2023) |
| 03/15/2023 | 101 | MOTION by Defendants Marlene Henze, Stephen Ritz to withdraw motion for sanctions, 99 (Robinson, James) (Entered: 03/15/2023) |
| 03/15/2023 | 102 | MINUTE entry before the Honorable Matthew F. Kennelly: The Court has reviewed defendants' motion for sanctions and plaintiff's response. The motion is set for a telephonic hearing on 3/17/2023 at 8:55 AM, using call-in number 888-684-8852, access code 746-1053. The Court will vacate the hearing if, by 3/16/2023, defendants withdraw the motion based on the representations in plaintiff's response. (mk) (Entered: 03/15/2023) |
| 03/15/2023 | 103 | MINUTE entry before the Honorable Matthew F. Kennelly: Defendants' motion to withdraw 101 is granted. Defendants' motion for sanctions 99 is withdrawn. The telephonic hearing set for 3/17/2023 is vacated. Mailed notice. (mma, ) (Entered: 03/15/2023) |
| 05/03/2023 | 104 | MINUTE entry before the Honorable Matthew F. Kennelly: Based on the resetting of the expert discovery cutoff date, the telephonic status hearing set for 5/8/2023 is vacated and reset to 5/31/2023 at 9:15 a.m. The following call-in number will be used for the hearing: 888-684-8852, access code 746-1053. The parties are directed to file on 5/24/2023 a joint status report that includes a statement regarding whether any party intends to file a dispositive motion and, if so, a summary of the grounds for any such motion. (mk) (Entered: 05/03/2023) |
| 05/24/2023 | 105 | STATUS Report *of all parties jointly* by Marlene Henze, Stephen Ritz<br><br>(Robinson, James) (Entered: 05/24/2023) |
| 05/24/2023 | 106 | MOTION by Attorney James Robinson to withdraw as attorney for Marlene Henze, Stephen Ritz. No party information provided<br><br>(Robinson, James) (Entered: 05/24/2023) |
| 05/25/2023 | 107 | MINUTE entry before the Honorable Matthew F. Kennelly: The Court has reviewed the parties' status report. The telephonic status hearing set for 5/31/2023 is vacated. Defendants' motion(s) for summary judgment are to be filed by 6/30/2023 and are, to the extent possible, to be combined into a single motion and a single set of supporting papers. Plaintiff's response(s) are to be filed by 7/31/2023. Defendants reply(s) are to |

**AR 088**

| | | be filed by 8/14/2023. Given the age of the case the parties should not expect the Court to extend this schedule. (mk) (Kennelly, Matthew) (Entered: 05/25/2023) |
|---|---|---|
| 06/01/2023 | 108 | ATTORNEY Appearance for Defendants Marlene Henze, Stephen Ritz by Jeffrey J Escher (Escher, Jeffrey) (Entered: 06/01/2023) |
| 06/27/2023 | 109 | MOTION by Defendants Marlene Henze, Stephen Ritz to seal document *as to Motions for Summary Judgment*<br><br>(Escher, Jeffrey) (Entered: 06/27/2023) |
| 06/28/2023 | 110 | MINUTE entry before the Honorable Matthew F. Kennelly: Motion by Attorney James Robinson to withdraw as attorney for Marlene Henze, Stephen Ritz is granted 106 . Defendants' motion for leave to file materials under seal 109 is granted, under the following conditions. Defendants must file a complete and unredacted version of each their submissions, including all exhibits, under seal, and a redacted version in the public record. (mk) (Entered: 06/28/2023) |
| 06/29/2023 | 111 | MOTION by Defendants Marlene Henze, Stephen Ritz to clarify *court order and extension of time to comply*<br><br>(Escher, Jeffrey) (Entered: 06/29/2023) |
| 06/30/2023 | 112 | MOTION by Defendants Stephen Ritz, Marlene Henze for summary judgment<br><br>(Escher, Jeffrey) (Entered: 06/30/2023) |
| 06/30/2023 | 113 | MEMORANDUM by Marlene Henze, Stephen Ritz in support of motion for summary judgment 112 (Escher, Jeffrey) (Entered: 06/30/2023) |
| 06/30/2023 | 114 | RULE 56.1 Statement by Marlene Henze, Stephen Ritz regarding motion for summary judgment 112 (Attachments: # 1 Exhibit 1 - Placeholder - Filed Under Seal, # 2 Exhibit 2 - Placeholder - Filed Under Seal, # 3 Exhibit 3 - Placeholder - Filed Under Seal, # 4 Exhibit 4 - Placeholder - Filed Under Seal, # 5 Exhibit 5 - Placeholder - Filed Under Seal, # 6 Exhibit 6 - Placeholder - Filed Under Seal, # 7 Exhibit 7 - Placeholder - Filed Under Seal, # 8 Exhibit 8 - Placeholder - Filed Under Seal, # 9 Exhibit 9 - Placeholder - Filed Under Seal, # 10 Exhibit 10 - Placeholder - Filed Under Seal) (Escher, Jeffrey) (Entered: 06/30/2023) |
| 06/30/2023 | 115 | MINUTE entry before the Honorable Matthew F. Kennelly: Motion to clarify 111 is granted to the following extent: the redacted version of defendants' summary judgment materials is to be filed by 7/14/2023. All other dates and deadlines remain as-is. (mk) (Entered: 06/30/2023) |
| 06/30/2023 | 116 | SEALED DOCUMENT by Defendants Marlene Henze, Stephen Ritz (Attachments: # 1 Exhibit 1 - Dep Trans Rickey Meneweather Vol. I w/Exhibits, # 2 Exhibit 2 - Dep Trans Rickey Meneweather Vol. II, # 3 Exhibit 3 - Dep Trans Dr. Marlene Henze w/Exhibits, # 4 Exhibit 4 - Dep Trans Dr. Stephen Ritz w/Exhibits, # 5 Exhibit 5 - Dep |

| | | |
|---|---|---|
| | | Trans Dr. Christian Okezie w/Exhibits, # 6 Exhibit 6 - Dep Trans Matthew Walk w/Exhibits, # 7 Exhibit 7 - Declaration of Dr. Thomas Tami, # 8 Exhibit 8 - Rebuttal Declaration of Dr. Thomas Tami, # 9 Exhibit 9 - Dep Trans Dr. Alan Pollack w/Exhibits, # 10 - Medical Records of Rickey Meneweather (Bates Stamped))(Escher, Jeffrey) (Entered: 06/30/2023) |
| 07/12/2023 | 117 | RULE 56.1 Statement by Marlene Henze, Stephen Ritz regarding motion for summary judgment 112 *and Refiled per #115 Order* (Attachments: # 1 Exhibit Ex. 1 - Dep of Meneweather Vol 1 (redacted), # 2 Exhibit Ex. 2 - Dep of Meneweather Vol II (redacted), # 3 Exhibit Ex. 3 - Dep of Dr. Marlene Henze (redacted), # 4 Exhibit Ex. 4 - Dep of Dr. Stephen Ritz (redacted), # 5 Exhibit Ex. 5 - Dep of Dr. Christian Okezie (redacted), # 6 Exhibit Ex. 6 - Dep of Matthew Walk (redacted), # 7 Exhibit Ex. 7 - Dep of Dr. Tomas Tami (redacted), # 8 Exhibit Ex. 8 - Rebuttal Declaration of Dr. Thomas Tami (redacted), # 9 Exhibit Ex. 9 - Dep of Dr. Alan Pollack (redacted), # 10 Exhibit Ext. 10 - Bates Stamped Medical Records of Meneweather (redacted))(Escher, Jeffrey) (Entered: 07/12/2023) |
| 07/31/2023 | 118 | MOTION by Plaintiff Rickey C Meneweather, Jr for extension of time *to file Response to Motion for Summary Judgment (Unopposed)*

(Abbasi, Pericles) (Entered: 07/31/2023) |
| 08/01/2023 | 119 | MINUTE entry before the Honorable Matthew F. Kennelly: Unopposed motion for extension of time 118 is granted. Due date for response(s) to motions for summary judgment is extended to 8/11/2023; due date for replies is extended to 8/25/2023. (mk) (Entered: 08/01/2023) |
| 08/14/2023 | 120 | MOTION by Plaintiff Rickey C Meneweather, Jr for extension of time to file response/reply *to Motion for Summary Judgment*

(Abbasi, Pericles) (Entered: 08/14/2023) |
| 08/14/2023 | 121 | RESPONSE by Marlene Henze, Stephen Ritz to MOTION by Plaintiff Rickey C Meneweather, Jr for extension of time to file response/reply *to Motion for Summary Judgment*

120 (Escher, Jeffrey) (Entered: 08/14/2023) |
| 08/15/2023 | 122 | MINUTE entry before the Honorable Matthew F. Kennelly: Plaintiff's motion for extension of time 120 is granted; the due date for plaintiff's response to the motion for summary judgment is extended to 8/18/2023. There will be no further extensions, and the Court will not entertain any motions to file a late response instanter. The Court understands the circumstances stated in the motion, but there have been far too many delays in this case on plaintiff's side, so at this point the Court is expecting and insisting that plaintiff's counsel give priority to this matter in order to get the response on file by 8/18/2023. The due date for defendants' reply is extended to 9/8/2023 as requested by defendants. (mk) (Entered: 08/15/2023) |

| 08/21/2023 | [123](#) | RESPONSE by Rickey C Meneweather, Jr to MOTION by Defendants Stephen Ritz, Marlene Henze for summary judgment |
| | | [112](#) (Abbasi, Pericles) (Entered: 08/21/2023) |
| 08/23/2023 | [124](#) | REPLY by Marlene Henze, Stephen Ritz to response to motion [123](#) *for Summary Judgment* (Escher, Jeffrey) (Entered: 08/23/2023) |
| 08/30/2023 | [125](#) | MOTION by Attorney Thomas C. Flowers to withdraw as attorney for Marlene Henze, Stephen Ritz. No party information provided |
| | | (Flowers, Thomas) (Entered: 08/30/2023) |
| 08/31/2023 | [126](#) | MINUTE entry before the Honorable Matthew F. Kennelly: Motion by attorney Thomas C. Flowers to withdraw is granted [125](#) . (mk) (Entered: 08/31/2023) |
| 12/28/2023 | [127](#) | ANNUAL REMINDER: Pursuant to [Local Rule 3.2 (Notification of Affiliates)](#), any nongovernmental party, other than an individual or sole proprietorship, must file a statement identifying all its affiliates known to the party after diligent review or, if the party has identified no affiliates, then a statement reflecting that fact must be filed. An affiliate is defined as follows: any entity or individual owning, directly or indirectly (through ownership of one or more other entities), 5% or more of a party. The statement is to be electronically filed as a PDF in conjunction with entering the affiliates in CM/ECF as prompted. As a reminder to counsel, parties must supplement their statements of affiliates within thirty (30) days of any change in the information previously reported. This minute order is being issued to all counsel of record to remind counsel of their obligation to provide updated information as to additional affiliates if such updating is necessary. If counsel has any questions regarding this process, this [LINK](#) will provide additional information. Signed by the Executive Committee on 12/28/2023: Mailed notice. (tg, ) (Entered: 12/28/2023) |
| 01/05/2024 | [128](#) | MEMORANDUM Opinion and Order: The Court grants the defendants' motion for summary judgment [dkt. no. 112] and directs the Clerk to enter judgment stating as follows: Judgment is entered in favor of defendants and against plaintiff. Civil case terminated. Signed by the Honorable Matthew F. Kennelly on 1/5/2024. Mailed notice. (mma, ) (Entered: 01/05/2024) |
| 01/05/2024 | [129](#) | ENTERED JUDGMENT. Mailed notice. (mma, ) (Entered: 01/05/2024) |
| 02/01/2024 | [130](#) | NOTICE of appeal by Rickey C Meneweather, Jr regarding orders [128](#) , [129](#) Receipt number: y (Abbasi, Pericles) (Entered: 02/01/2024) |
| 02/02/2024 | [131](#) | MOTION by Defendants Marlene Henze, Stephen Ritz for taxation of costs |
| | | (Attachments: # [1](#) Exhibit Bill of Costs, # [2](#) Exhibit Itemization of Other Costs, # [3](#) Exhibit Declaration)(Escher, Jeffrey) (Entered: 02/02/2024) |
| 02/03/2024 | [132](#) | MINUTE entry before the Honorable Matthew F. Kennelly: The defendants have filed |

| | | a bill of costs that includes significant amounts for expert witness fees and expenses. The Court cannot locate in the defendants' submission any legal authority supporting recovery of such expenses as taxable costs. Defendants are ordered to show cause in writing by 2/9/2024 why those particular expenses should not be stricken from the bill of costs. The Court will enter a schedule for plaintiff to respond to the bill of costs after it has addressed this threshold issue. (mk) (Entered: 02/03/2024) |
|---|---|---|
| 02/03/2024 | 133 | MINUTE entry before the Honorable Matthew F. Kennelly: A telephonic status hearing is set for 2/14/2024 at 9:05 AM, using call-in number 888-684-8852, access code 746-1053. (mk) (Entered: 02/03/2024) |
| 02/09/2024 | 134 | MOTION by Defendants Marlene Henze, Stephen Ritz for bill of costs *Motion to Withdraw Previous Bill of Costs and Submit Amended Bill of Costs*<br><br>(Attachments: # 1 Exhibit Amended Bill of Costs, # 2 Exhibit Amended Itemization of Other Costs, # 3 Exhibit Declaration)(Escher, Jeffrey) (Entered: 02/09/2024) |
| 02/10/2024 | 135 | MINUTE entry before the Honorable Matthew F. Kennelly: Motion to withdraw previous bill of costs and submit amended bill of costs is granted. The telephonic hearing set for 2/14/2024 is vacated. Response to bill of costs is to be filed by 3/4/2024; reply to response is to be filed by 3/18/2024. (mk) (Entered: 02/10/2024) |
| 02/12/2024 | 136 | NOTICE of Appeal Due letter sent to counsel of record regarding notice of appeal 130 (gcy, ) (Entered: 02/12/2024) |
| 02/12/2024 | 137 | TRANSMITTED to the 7th Circuit the short record on notice of appeal 130 . Notified counsel. (gcy, ) (Entered: 02/12/2024) |
| 02/12/2024 | 138 | ACKNOWLEDGMENT of receipt of short record on appeal regarding notice of appeal 130 ; USCA Case No. 24-1214. (gcy, ) (Entered: 02/13/2024) |
| 03/04/2024 | 139 | MOTION by Plaintiff Rickey C Meneweather, Jr for extension of time to file response/reply as to order on motion for taxation of costs,, order on motion for bill of costs,, terminate motions,, terminate hearings, 135<br><br>(Abbasi, Pericles) (Entered: 03/04/2024) |
| 03/05/2024 | 140 | MINUTE entry before the Honorable Matthew F. Kennelly: Plaintiff's motion for extension of time 139 is granted. Due date for response to bill of costs is extended to 3/8/2024; due date for reply to response is extended to 3/22/2024. (mk) (Entered: 03/05/2024) |
| 03/08/2024 | 141 | MOTION by Plaintiff Rickey C Meneweather, Jr for extension of time *to file response to Bill of Costs*<br><br>(Abbasi, Pericles) (Entered: 03/08/2024) |
| 03/09/2024 | 142 | MINUTE entry before the Honorable Matthew F. Kennelly: Plaintiff's motion for |

| | | |
|---|---|---|
| | | extension of time [141] is granted. Due date for response to bill of costs is extended to 3/12/2024; due date for reply to response is extended to 3/26/2024. (mk) (Entered: 03/09/2024) |
| 03/25/2024 | [143] | REPLY by Defendants Marlene Henze, Stephen Ritz *in Support of Amended Bill of Costs (ECF134-1)* (Escher, Jeffrey) (Entered: 03/25/2024) |
| 05/28/2024 | [144] | ORDER ON DEFENDANTS' BILL OF COSTS, signed by the Honorable Matthew F. Kennelly on 5/28/2024: For the reasons stated in this Order, the recoverable costs are as follows: $3,359.75 + $94.85 + $55.40 + $200.00 + 2,012.24. The total is $5,722.24. The Court taxes costs in this amount in favor of defendants Dr. Marlene Henze and Dr. Stephen Ritz, and against plaintiff Ricky Meneweather. Appointed counsel Pericles Abbasi is directed to send a copy of this order to Mr. Meneweather and is directed to certify in writing on the record by May 31, 2024 that he has done so. (mk) (Entered: 05/28/2024) |

| PACER Service Center | | |
|---|---|---|
| **Transaction Receipt** | | |
| 06/07/2024 09:20:26 | | |
| **PACER Login:** | jamespdavy | **Client Code:** | |
| **Description:** | Docket Report | **Search Criteria:** | 1:19-cv-06643 |
| **Billable Pages:** | 16 | **Cost:** | 1.60 |